## Case No. 12,798.

### SHIRLY v. HARRIS.

[3 McLean, 330.] [1]

Circuit Court, D. Indiana. May Term, 1844.

NOTES—CONSIDERATION—AGREEMENT TO PAY EX-
PENSES—CONTRACT.

1. An agreement to pay ten per cent. if a certain note, given some time before, should not be paid punctually when due, is without consideration, and cannot be enforced.

[Cited in Adams v. Hastings, 6 Cal. 127.]

2. But where in such agreement the maker of the note bound himself to pay the note to him in Missouri, the residence of the payee, and in the event of failing to pay, that he would pay the expenses of the payee in coming to Indiana to collect it, may be enforced.

3. The consideration arises from the expense incurred, by reason of the default of the maker of the note.

At law.

Fletcher & Butler, for plaintiff.
Wick & Barbour, for defendant.

OPINION OF THE COURT. This action is brought on a sealed obligation in which was recited, that "the defendant had given a joint note with Beverly Wallace for the sum of $400 payable to the plaintiff, or order, on 3d October, 1842, dated December, 1840." And the defendant covenanted that the money should be paid to the plaintiff, in Missouri, at his residence, when due, or he would pay ten per cent. interest and the expense of plaintiff in coming to Indiana for the money. And the plaintiff averred that the money was not paid, and the expenses in coming for the money is averred, &c.

The defendant pleaded: (1) Nil debet; and (2) that the instrument was given voluntarily and without consideration. To the first plea the defendant demurred. The demurrer must be sustained. By his deed the defendant is estopped from saying that he is not indebted. The plaintiff tendered an issue to the second plea. A statute of Indiana authorises the second plea. The plaintiff proved to the jury that the money not being paid when due, the plaintiff came from Missouri to Indianapolis to collect it; and he proved the amount of his expenses. It is not pretended that this contract was not a bona fide one. It was entered into fairly, and the only question which is raised, is, whether it is legal and can be enforced. As regards the ten per cent. we think it cannot be recovered. There was no consideration to support the obligation. Six per cent. is the legal rate of interest in Indiana, though a higher rate, not exceeding ten per cent. will be valid, if agreed to be paid in writing. The note on which this interest was to be paid had been given, before the date of the agreement on which this action is brought.

There is no consideration then, for the payment of the ten per cent. interest. It was a voluntary undertaking, and cannot be enforced. But, that part of the agreement which regards the expenses of the plaintiff, is not without consideration. By the note he was bound to pay the money at the time stipulated, and if he failed to do this, and the plaintiff was under the necessity of making a trip to Indiana, he bound himself to pay his expenses. Here is an expense incurred, by reason of the default of the defendant, and which he agreed to pay. We see no principle which forbids such a contract, it being bona fide, and the jury will find for the plaintiff such expenses as the plaintiff incurred on the trip and has proved.

SHIVE (UNITED STATES v.). See Case No. 16,278.

SHIVERS (FAIRCHILD v.). See Case No. 4,611.

SHOE MACH. MANUF'G CO. (HASKELL v.). See Case No. 6,194.

SHOE MACH. MANUF'G CO. (THOMAS v.). See Case No. 13,911.