## ADAMS et al. v. HASTINGS.

A written contract to pay more than ten per cent. per annum as interest, on an indebtedness incurred prior to the contract, is void for want of consideration as to the excess of interest up to the date of the contract.

The indebtedness, being only for the principal and legal interest, is not sufficient to support a contract to pay a greater amount than was due. It is a voluntary undertaking, and can not be enforced.

But a contract to pay in future a greater than legal interest on an existing indebtedness is binding, the forbearance of the creditor being a sufficient consideration.

APPEAL from the Superior Court of the City of San Francisco.

The defendant being indebted to the plaintiffs for advances made at different times, and being threatened with a suit, executed, by his attorneys in fact, the following note, to the form of which no objection is made:

"$25,089 11.          SAN FRANCISCO, February 13, 1854.

" On demand, for value received, we acknowledge an indebtedness to Adams & Co., on the part of John Hastings, in the sum of twenty-five thousand and eighty-nine dollars and eleven cents, and an additional indebtedness of three per cent. per month interest on the amount of the above from the different dates of its advance, which advance has no reference to the date of the note.

" The debt from John Hastings to Adams & Co. has arisen in consequence of advances made by Adams & Co., for the construction of wharf, buildings, and filling in, at the North Point Docks property.

" J. P. HAVEN,

" J. N. BRICELAND,

" Attorneys for John Hastings."

The Court below found that the plaintiffs were entitled to the payment of the sum of $25,089 11, principal, together with the further sum of $13,702 42, interest, at the rate of three per cent. per month from the dates of the several advances up to the entry of judgment, and entered judgment accordingly for $38,791 53.

Defendant appealed.

*Halleck, Peachy, Billings & Park,* for Appellant.

1. The allowance of interest at 3 per cent. per month from the date of the paper recited in the statement, back to the date of the respective advances, was erroneous. Admitting that the paper contains a promise to that effect, the promise is *nudum pactum.* The admission of value received is *prima facie* evidence merely of consideration. Story Prom. Notes, §§ 182, 183, 184.

But the case states that there was no consideration, except such as can be gathered from the *facts* which the statement itself details, and they amount simply to this: On the 13th of February the defendant was owing the plaintiffs $25,089 11, and 10 per cent. interest thereon from the dates on which the money was advanced, and that in consideration of such indebtedness *alone,* the defendant's attorneys promised in his name to pay a much larger sum.

The promise is void for the excess. 5 East., 232, Fitch *v.* Sutton; 2 Term R., 24, Heathcote *v.* Cruikshanks; 4 Vt., 101, Mason *et als. v.* Peters.

A partial payment of a debt due is no consideration for a promise to wait another year. XI Vt., 166, Russel *v.* Beck; 12 John., 426, Peabody *v.* King; 1 Speer, 368, Hyams *v.* Levey; 2 Kelly, 112, Merchants' Bank *v.* Davis; X S. & M., 233, Union Bank *v.* Govern; XXXII Maine, 253, Lee *v.* Oppenheimer; 2 Barb. S. C. Rep., 612; 15 Ala., 700; 9 Vt., 233; 1 W. C. C. Rep., 148; X Vt., 251, Crampton *v.* Adm'r of Ballard; XXXIII Maine, 359, Young *v.* Ward; III McLean, 330, Shirley *v.* Harris; 6 Barr, 417, Logan *v.* Mathews.

II. The Court erred further in allowing interest at the rate of three per cent. per month *after* the 13th of February, 1854, to the time of trial. And for the reason that there was no express contract in writing fixing a different rate of interest, different from the legal rate. Stat. 109.

The construction must go upon the words used alone, for:

1. The statute requires that the rate should be fixed by expression in writing.

2. There are no equivocal terms used in the paper read in evidence.

3. Or if there are, then a case of patent ambiguity is presented, which is not subject to explanation by parol. 1 Gr. Ev., § 287; 12 Vt., 124.

The paper in terms and in legal effect, contains simply an acknowledgment of a present indebtedness in the sum of $25,089 11, principal sum, and an additional present indebtedness of three per cent. per month for the time that had passed since that sum was advanced. The language used relates throughout to the present and the past, and suggests

no rule for the future.    The clause " which allowance has no reference to the date of this note," was inserted out of abundance of caution, and for the purpose of fixing unmistakably the terminus from which the computation was to be made.

*Eugene Casserly* for Respondents.

In this case the the appeal is taken only from so much of the judgment of the Court below, as allows interest at 3 per cent. per month from the date of the several advances of money made by the plaintiffs to the defendants until paid.

The only controversy is as to the excess of thirty-six per cent. per annum over ten per cent. per annum ; or twenty-six per cent. per annum.

There is no controversy as to the power or the good faith of the agents of the appellant to make the written agreement for three per cent. per month interest, neither is it pretended that the rate of interest is unreasonable or excessive.    The Court, therefore, is obliged to treat the agreement in all respects as though made by the appellant himself in person, upon full knowledge and reflection, and not under any undue advantage.

The agreement is *in writing*, and in that respect conforms to our statute.    Act to regulate interest, etc., § 2.

The first objection of the appellant is to the allowance by the Court below of interest, beyond ten per cent. upon the advances, from their dates respectively down to February 13, 1854, on the ground that the written agreement to pay three per cent. per month interest upon them, was without consideration and void.

Money lent and advanced is a good consideration to support a promise in writing, at any time before payment, to pay interest upon the loan from its date, unless when forbidden by some enactment against usury.

It is contended,

1.  Upon general principles of law without reference to the statute of California, (Act to regulate interest, etc.,) and as settled in the United States, that he is not liable to pay the first part of the excess of interest over ten per cent. per annum, though he has given his written agreement for it, because, he says, not that the agreement was made under duress, obtained by fraud, or is unreasonable or oppressive in itself, but *because* it is *nudum pactum* and void for want of consideration.

As to the second portion of the excess of interest accrued *since* the date of the agreement, February 13, 1854, the appellant contends he is not liable, because, he says, his written obligation, though it specifies interest at three per cent. per month in *totidem verbis*, is not in fact an agreement to pay such interest after that date.

This, also, is a strained and harsh construction of the agreement, to which, as we respectfully submit, this Court will not assent, unless forced to it by the express words of the agreement.

Whatever doubt there may be in the English Courts on the subject, it has been from a very early period established as law in the Courts

of the United States that a loan of money, so long as it remains unpaid, is a good consideration to support a promise in writing to pay interest from the date of the loan. And in default of any express agreement, the law will imply a promise to pay interest. See Reed v. Renn's Glass Factory, 3 Cowen, 393, where this whole question received a very complete and able discussion both at the Bar and on the Bench. See, to the same effect, Gibbs v. Bryant, 1 Pick., 118 ; Weeks v. Hasty, 13 Mass., 218 ; Ilsley v. Jewett, 2 Metc., 168 ; Sims v. Willing, 8 S. & R., 103 ; Craven v. Pickett, 1 Vesey, Jr., 62 ; Lewis v. Bradford, 8 Ala., 632–4 ; Chitty on Contr., 558 ; Bouvier's Law Dict., Art. Interest ; Pawling v. Pawling, 4 Yeates' Penn. R., 220 ; Dow v. Drew, 3 N. Hamp., 40 ; Hawkes v. Saunders, Cowp., 289 ; Fake v. Eddy's Ex'rs, 15 Wend., 76, 80 ; Stearns v. Brown, Pickering, 530, 533 ; 1 American Leading Cases, Notes to Selleck v. French, p. 344; Mowry v. Bishop, 5 Paige, 98.

Ry reference to our statute, it will at once be seen that the agreement is sustained on that ground alone. Sec. 2, is: "Parties may assert in writing for the payment of any rate of interest whatever, *on money due or to become due*, on any contract." Griswold v. Sharpe, 2 Cal. R., 23.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

The defendant, by an instrument in writing, acknowledged that he was indebted to plaintiffs in the sum of twenty-five thousand dollars for moneys advanced at different times before the date of the instrument, and also a further indebtedness of three per cent. per month on said sum, to be computed from the dates of the several advances.

The Court below rendered judgment in favor of plaintiffs for principal and interest, in accordance with the terms of the instrument.

It is contended by the defendant, that the judgment is erroneous; because,

1. The promise to pay interest at three per cent. for the time prior to the acknowledgment was without consideration, and therefore void.

2. The acknowledgment, by its terms, refers only to past and present indebtedness, and cannot operate as a promise to pay interest for the future.

Our statute provides that parties may stipulate in writing for any rate of interest for the use of money, but where there is no written contract, fixes the rate at ten per cent. per annum.

In this case, the advances were made without any written contract as to the rate of interest; and at the date of the acknowledgment, defendant was legally indebted to plaintiffs in the sum advanced, with ten per cent. per annum interest, from the date of the advances.

The indebtedness was the sole consideration for the acknowledgment, and in our opinion, was not sufficient to support a contract for the payment of a greater amount than was then due. This view is supported by numerous authorities from the Courts of the different States. In

Crampton *v.* the Administrator of Ballard, 10 Vt. R., 251, held, " That money received under a legal liability to repay it with interest, does not form any legal consideration for a promise beyond that." See also Logan *v.* Mathews, 6 Barr, 417. The case of Shirley *v.* Harris, 3 McLean, 330, is almost identical with the one under consideration. The party agreed in writing to pay ten per cent. per annum on a note given before that time, if the note was not promptly met at maturity. The Court held that, " As regards the ten per cent., we think it cannot be recovered; there was no consideration to support the obligation. Six per cent. is the legal rate of interest in Indiana, though a higher rate, not exceeding ten per cent., will be valid if agreed to in writing. The note on which this interest was to be paid, was given before the date of the one on which this action was brought; there is no consideration, then, for the payment of the ten per cent. interest; it was a voluntary undertaking, and cannot be enforced."

Upon the second point, we do not think the objection of appellant is well founded. The acknowledgment is sufficiently explicit to show clearly that it was the intention of the parties, that interest should be paid at the specified rate from the date of the advances till the payment of the debt, and although the promise, so far as it relates to the time prior to the acknowledgment, is void, for want of consideration, the forbearance of plaintiff was a sufficient consideration to support the promise as to the time subsequent and until final payment.

The judgment of the Court below must be reversed with costs, and the cause remanded for further proceedings.