WILBUR NELSON v. PHILIP M. GRAFF ET AL.

*Certificates of sufficiency of acknowledgment.*

Certificates of acknowledgment will be upheld wherever possible, and for that purpose a court will resort if necessary to the instrument to which the certificate is attached.

A deed cannot be excluded from evidence for a supposed ambiguity in the clerk's certificate in authenticating its execution and acknowledg-

ment as follows: "I further certify that the said instrument is executed and *proved* or acknowledged according to the laws of this State." The word "proved" is surplusage, as there is no certificate of proof to which it can apply.

A certificate to attest the proof of execution by a witness explains who the witness is and the fact of his making proof of execution.

Error to Montcalm. Submitted Oct. 8. Decided Oct. 20.

REPLEVIN. Plaintiff brings error. Reversed.

*Taggart, Stone & Earle* for plaintiff in error. Courts construe certificates of authentication liberally : *Harrington v. Fish* 10 Mich. 415 ; *Munroe v. Eastman* 31 Mich. 283 ; *Morse v. Hewett* 28 Mich. 481.

*Simonds & Fletcher* for defendants in error.

GRAVES, J. The circuit judge excluded the record of a deed offered in evidence, and the question is upon the correctness of this ruling. The deed purported to have been executed in New York in 1874, and to have been there acknowledged at the same time. It bore a clerk's certificate to authenticate the execution and acknowledgment and the clause intended to verify those proceedings was in these terms: "I further certify that the said instrument is executed, and proved or acknowledged according to the laws of this State." The objection on which the circuit judge based his decision that the offered evidence was inadmissible, was that the conjunction "or" between the word "proved" and the word "acknowledged" left it wholly uncertain which was done; and that as a consequence there was no authentication in favor of either.

The inaccuracy of the ruling seems to the court very manifest. The validity of our records is not allowed to depend on such niceties. In the language of the Supreme Court of the United States the "courts will uphold a certificate if possible, and for that purpose will resort to the instrument to which it is attached" (*Carpenter v. Dexter* 8 Wall. 513), and it is only needful to apply this rule, to demonstrate

that the clerk in using the word "proved" where it appears, was simply guilty of tautology. He meant by it precisely what . the word "acknowledged" fully and sufficiently expressed. He referred to the certificate of acknowledgment which appeared before him on the deed, and not to a certificate of "proof" which did not appear. There was nothing .else to which his authentication could apply, and it is only necessary to refer it as he did to the certificate of acknowledgment to uphold the proceeding.

A certificate to attest the proof of execution by a witness is very differently framed. It explains who the witness is and the fact of his making proof of the execution. Further comment is unnecessary.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.