may buy at the public sale. In some cases it may be to his interest that this be done. Such consent may be given either at the time of making the pledge, or at any subsequent time, without changing "the form of the original contract," and without consideration.

The Court below also erred—particularly in view of the circumstances appearing in this case—in instructing the jury as follows: "The object of the law is for the purpose of guarding against the greed and rapacity of money-lenders and those who deal in securities of this character." And again: "There are many reasons why this law is a wholesome one, independent of the rapacity and greed of creditors."

This was manifestly improper. No one can measure the extent of the influence upon the jury of such instructions coming from the Court. The defendant was entitled to a fair trial. He did not have it in the Court below, and we can not permit the judgment to stand.

Judgment and order reversed, and cause remanded for a a new trial.

MORRISON, C. J., and MYRICK, J., concurred.

SHARPSTEIN, J., concurring specially:

I concur. The instruction first referred to in the opinion of Mr. Justice Ross is, in my opinion, clearly erroneous. Upon the other questions discussed in the leading opinion, I express no opinion.

THORNTON and McKINSTRY, JJ., concurred in the judgment on the first point discussed in the opinion of Mr. Justice Ross.

McKEE, J., concurred in the judgment.

---

[No. 8,345.—In Bank.]
December 22, 1882.

## JOHN S. BARRETT *v.* J. V. SIMMS ET AL.

HOMESTEAD—INSOLVENCY PROCEEDINGS—ORDER OF SALE—JURISDICTION.—
An order of the Court in an insolvency proceeding for the sale of the homestead of the insolvent is without jurisdiction, and a sale thereunder passes no title.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of Sacramento. DENSON, J.

In an insolvency proceeding the Court made an order setting apart to the insolvent his homestead, which contained the following clause : " Nothing contained herein shall have the effect to set aside to said Simms property of any greater value than $5,000. Nor shall it prejudice the right of the assignee herein, or of any creditor of said Simms, to sell said property, or to have it sold in case a bid of over $5,000 shall be made therefor." Afterwards an order was made for the sale of the homestead, and the same was sold for the sum of $7,000 to the plaintiff, who brought this action to recover the land.

*L. S. Taylor* and *A. L. Hart,* for Appellant.

The decree of the Court in the insolvency proceeding, setting apart the premises, had the effect to create a conclusive presumption that the said premises were a homestead properly selected. (C. C. P., §§ 1908, 1962.) The effect of such an order is to withdraw the said property from assets of the estate to be administered, and to deprive the Court of all jurisdiction or power over it. (*Estate of Hardwick,* 59 Cal. 292; *Estate of William H. Orr,* 29 id. 101; *Schadt* v. *Heppe,* 45 id. 433.) To the proceeding in which this order was made all the creditors were parties; and from and after the date and entry of the order, independently of its previous condition or character, the said land became the property, not of the insolvent, but of the husband and wife, and was by them held in joint tenancy. (Civil Code, § 1265 ; *Estate of B. F. Headen,* 52 Cal. 294.) The order made by the lower Court, that the property be sold if it should bring more than $5,000, was a palpable violation of the provisions of our statute, and was absolutely void. Ample provision for the determination of the value of homesteads, and their partition and sale in case they exceed the statutory value, has been made by the Code. (Civil Code, §§ 1245–1259; *People* v. *Craycroet,* 2 Cal. 243; *Ward* v. *Severance,* 7 id. 126.) The method provided is expressly made exclusive; " in no way, therefore; except as in that title pro-

vided, can property which has been declared a homestead, no matter what may be its actual value, be subject to execution or forced sale." (Civil Code, § 1240; *Barrett v. Sims,* 59 Cal. 615.)

*Freeman & Bates,* for Respondents.

The Insolvent Act must control here. It does not confer on the Court any power to appoint appraisers. Where no homestead is selected it gives the Court power to proceed as in Section 1465, C. C. P. That section does not provide for any appraisement whatsoever. Under that section lands may be sold and a homestead set apart out of the proceeds. (*McCauley's Estate,* 50 Cal. 544.) But this is not a case falling under Section 1465. The Court, in this case, has the power, under Section 60, to set apart for the use and benefit of the bankrupt the property exempt from execution. It may, therefore, adopt its own mode, the statute not having designated any. (C. C. P., § 187.) It is sufficient that it gives the insolvent $5,000, for that is the limit of his homestead. (C. C., § 1260.)

The order directing a sale of the property has never been appealed from. Even if it be erroneous, it is not void.

The COURT:

There is no statute of this State authorizing a sale, in insolvency proceedings, of property which has been declared a homestead. Therefore, the proceedings had for a sale in this case passed no title.

Judgment and order reversed.

---

[No. 7,918.—In Bank.]
December 22, 1882.

## M. C. HAWLEY & CO. *v.* W. D. CAMPBELL ET AL.

DISCHARGE IN INSOLVENCY OF INDIVIDUAL MEMBER OF FIRM FROM FIRM DEBTS.—Under the Insolvency Act of May 4, 1852, and the Acts amendatory thereof and supplemental thereto, the discharge of an individual member of a firm from all his debts operates as a discharge from all his individual liability for the debts of the firm.