[No. 7,891.    Department Two. — June 28, 1884.]

JOHN DASCEY ET AL., RESPONDENTS, v. N. R. HARRIS, APPELLANT.

HOMESTEAD — INSOLVENCY — JURISDICTION. — Where an insolvent, under the Act of 1852, petitioned the county court to set apart certain premises as a homestead, which had been, previous to his insolvency, occupied as and declared a homestead, the court had no jurisdiction to determine that the premises were not a homestead and order a sale of them by the assignee, that the proceeds might be subjected to the payment of the insolvent's debts.

ID. — INJUNCTION. — A court of equity will restrain such sale.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*Houghton & Reynolds*, and *Jos. S. Wallis*, for Appellant.

*Moore, Laine & Johnston*, and *F. M. Crossett*, for Respondents.

MYRICK, J. — The complaint in this action was filed by John Dascey and wife to restrain the defendant, assignee of John Dascey, from selling the homestead of plaintiffs.

The court below found the facts going to show occupation and dedication of the premises as a homestead before the insolvency proceedings, and that the value was less than five thousand dollars. The defendant John Dascey filed his petition in insolvency, and in his schedule the premises were properly described and alleged to be a homestead.

The answer presented the defense, that the insolvent petitioned the county court to set apart the premises as a homestead, and that said court, after hearing the proofs of the respective parties, did adjudge that the premises were not impressed with the character of a homestead, but that they were assets subject to the payment of debts, and directed the defendant as assignee to sell the same and apply the proceeds to the payment of the insolvent's debts, and that by this finding and adjudication, the plaintiffs are estopped from claiming the premises as a homestead.

This court said in *Barrett* v. *Sims*, 62 Cal. 440, "there is no statute of this State authorizing a sale in insolvency proceedings, of property which has been declared a homestead." The Homestead Act of 1852 (under which the declaration of homestead in this case was made), declared that the premises selected "shall not be subject to forced sale, on execution, or any final process from any court, for any debt or liability contracted or incurred after the passage of the act to which this is amendatory." Section 6 of the Insolvent Act of 1852 made it the duty of the judge of the insolvency court to set apart property not subject to execution. The Insolvent Act did not in terms, nor by any inference, declare that the neglect or refusal of the judge of the insolvency court to set apart property should be a conclusive adjudication that it was not a homestead under the Homestead Act, or should be equivalent to an abandonment.

Judgment affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.