[18020.   Department One.— April 17, 1892.]

JOHN J. KENNEDY, APPELLANT, v. D. M. GLOSTER
ET AL., DEFENDANTS, AND CATHERINE GLOSTER,
RESPONDENT.

HOMESTEAD — LAND SITUATED IN TWO COUNTIES — DUPLICATE DECLARATION — SUC-
CESSIVE FILINGS. — It is not necessary in order to constitute a valid homestead
upon a tract of land situated partly in two counties that the same declaration or
paper should be filed in each county ; but it is sufficient if the declaration is
executed in duplicate, and a separate one is filed in each county.  In such case
the filing of one of the copies a few days later than the filing of the other is
not an attempt to select a second homestead while the first is in force.

ID. — EFFECT OF DUPLICATE INSTRUMENT. — An instrument executed in duplicate is
in effect but one instrument.

ID.— SELECTION OF FARM SUBDIVIDED INTO FIELDS — SALE OF PASTURAGE AND HAY
— PLACE OF BUSINESS. — A tract of land used as a farm by its owners, and upon
which is situated their dwelling-house may be selected as a homestead, although
the tract is subdivided into separate fields ; and the facts that the owners of the
land pastured thereon cattle belonging to others, when there was more pastur-
age than was necessary for their animals, and that they sold some of the hay
grown thereon when they had more than their animals could consume in the
winter, do not make the farm such a place of business as to prevent its selection
as a homestead.

ID. — DEFINITION OF "HOMESTEAD" — WHAT IT MAY INCLUDE. — The word "home-
stead," as used in the constitution and statute, is used in its ordinary or popular
sense, and represents the dwelling-house at which the family resides, with the
usual and customary appurtenances, including out-buildings of every kind
necessary or convenient for family use and lands used for the purposes thereof.
If situated in the country it may include a garden or farm ; if in a city or town
it may include one or more lots, or one or more blocks.

ID. — ABANDONMENT OF HOMESTEAD — DEED INTENDED AS MORTGAGE. — The execu-
tion of an instrument in the form of a deed, but which is given only as a mort-
gage, does not pass the title, and cannot operate as a grant of the property
described therein, so as to constitute an abandonment of a homestead.

ID.— INVALID ACKNOWLEDGMENT OF DECLARATION BY MARRIED WOMAN—MANDATORY
STATUTE. — The requirement of section 1262 of the Civil Code that a married
woman's acknowledgment of a declaration of homestead must be taken and
certified in the manner prescribed by section 1186 of the same code, is impera-
tive, and a declaration containing a certificate of acknowledgment by her, not
taken in substantial conformity to the requirements of the statute, is not en-
titled to record, and if filed and recorded will not constitute a homestead.

ID. — MORTGAGE BY HUSBAND UPON TRACT INCLUDING HOMESTEAD — VALIDITY. —
Where a mortgage is given by the husband alone upon a tract of land, upon part
of which there is a valid homestead, the mortgage is void as to the portion upon
which the homestead is situated, and valid as to the remainder.

APPEAL from a judgment of the Superior Court of Sierra
County, and from an order denying a new trial.

The facts are stated in the opinion.

*Frank R. Wehe, P. Reddy,* and *Charles F. Hanlon,* for Ap-
pellant.

The homestead upon all the land was invalid, as only that portion used by the claimant for the purpose of a dwelling could properly be held, and that part of the land upon which stock were fed for others and from which hay was sold should not have been included. (*In re Allen,* 78 Cal. 294; *Maloney* v. *Hefer,* 75 Cal. 422; 7 Am. St. Rep. 180; *Ackley* v. *Chamberlain,* 16 Cal. 182; 76 Am. Dec. 516; *Mann* v. *Rogers,* 35 Cal. 319; *Gregg* v. *Bostwick,* 33 Cal. 221, 226; 91 Am. Dec. 637; *Tiernan* v. *His Creditors,* 62 Cal. 286; *Lubbock* v. *McMann,* 82 Cal. 227; 16 Am. St. Rep. 108; Thompson on Homesteads, secs. 100, 102.) The mere filing of the declaration did not in itself constitute the premises embraced within it, the homestead of the declarant. (*Laughlin* v. *Wright,* 63 Cal. 116.) There can be but one homestead selected. (Civ. Code, sec. 1262.) By the first selection all further rights of selection were divested, and the subsequent filing of another declaration, without an abandonment of the first one, had no effect. (*Waggle* v. *Worthy,* 74 Cal. 268; *Gambette* v. *Brock,* 41 Cal. 84; Thompson on Homesteads, sec. 279.) The homestead declarations of 1886 were invalid, as against the plaintiff, because of their not having been properly acknowledged, and therefore not entitled to record. (*Beck* v. *Soward,* 76 Cal. 529; Civ. Code, secs. 1161, 1170, 1188, 1241, 1262, 1264, 1265; *McMinn* v. *O'Connor,* 27 Cal. 244.) The homestead resulting from the filing of the declaration of 1874 was abandoned by the defendants by their deed subsequently executed, and the fact that it was shown on the trial that the grant was intended as a mortgage does not affect the plaintiff, as he had no notice of it. (*Maybury* v. *Ruiz,* 58 Cal. 11; Civ. Code, secs. 1343, 2925; Jones on Mortgages, secs. 253, 579, 580.)

*Goodwin & Goodwin,* and *T. L. Ford,* for Respondent.

It is well settled that a farm is the subject of a homestead declaration. (*Gregg* v. *Bostwick,* 33 Cal. 221; 91 Am. Dec. 637; *Brown* v. *Starr,* 79 Cal. 610; 12 Am. St. Rep. 180.) The certificate of acknowledgment is no part of a declaration of homestead, and the fact that it is improperly drawn is immaterial. (*Danglarde* v. *Elias,* 80 Cal. 67; *Wedel* v. *Herman,* 59 Cal. 513.)

BELCHER, C.—In 1874, and for several years prior thereto, the defendant, D. M. Gloster, was the owner of a tract of land, situated partly in Plumas County and partly in Sierra County, in this state, the part in Sierra County being described as the northwest quarter of a certain section 5. He was a married man, and the land was all community property. There was a dwelling-house on the quarter-section in Sierra County, in which he with his wife and children then lived, and has ever since lived. The whole tract was enclosed by a fence, but was subdivided into separate fields, a portion of the land being used for pasturing stock, and a portion for raising hay; and around his house was also a fence which enclosed about two acres.

On September 1, 1874, Mrs. Gloster, the defendant Catherine, for the joint benefit of herself and husband, executed in duplicate a declaration of homestead upon the whole tract. Each copy of the declaration was separately acknowledged by her in proper form, and one of them was filed for record in Sierra County on the 5th, and the other in Plumas County on the 9th of the same month.

On December 21, 1875, Mr. and Mrs. Gloster executed to Michael Coffey and Margaret Gloster a deed absolute in form of all that part of the land situate in Plumas County. The deed was given to secure the payment of an indebtedness from Mr. Gloster to the grantees, and on its payment, in July, 1879, they reconveyed the property to him. Meantime he remained in possession of the land, using it as before.

On November 17, 1886, Mrs. Gloster, for the joint benefit of herself and husband, executed in duplicate a new declaration of homestead upon all the land described in the declaration of 1874, and two other quarter-sections, one situate in Plumas County, and the other in Sierra County. Each copy of this declaration was in fact properly acknowledged by her, but the certificates of acknowledgment were defective in form in that they failed to state, as required by statute, that upon an examination, without the hearing of her husband, she was made acquainted with the contents of the instrument. One of the copies was filed for record in Plumas County, and the other in Sierra County on the twenty-second day of the same month.

On January 23, 1888, the defendant, D. M. Gloster, executed

a mortgage to the plaintiff's assignor upon all the land in Plumas County described in the homestead declaration of 1874, and upon the two quarter-sections in Sierra County described in the declaration of 1886.

The plaintiff commenced this action to foreclose that mortgage, making Mr. and Mrs. Gloster, and certain other parties, defendants. All of the defendants, except Mrs. Gloster, suffered their defaults to be entered. She answered and set up in defense of the action the two declarations of homestead, executed and filed for record by her, as before stated.

The court below found all the facts alleged in the complaint to be true as against D. M. Gloster, and also found that at the time the mortgage was executed there was a valid homestead covering all the land described in the declaration of 1886, and hence that the mortgage was void.

Judgment was accordingly entered in favor of the plaintiff, and against D. M. Gloster for the amount found due, and in favor of Mrs. Gloster, dismissing the action as against her, with costs.

From this judgment in favor of Mrs. Gloster and from an order denying his motion for a new trial, the plaintiff appeals.

1. It is claimed for appellant that when a copy of the homestead declaration of 1874 was filed for record in Sierra County, the land described therein and situated in that county immediately became and constituted the homestead of the declarant, and that the filing of the other copy in Plumas County a few days later was in effect an attempt to select a second homestead while the first was in force; and it is argued that, as one cannot have two homesteads at the same time, the land in Plumas County did not become impressed with the character of homestead. It is admitted, however, that a valid homestead may be declared upon land situated partly in two counties, but it is said that to effect that end the same declaration or paper should be filed in each county.

We do not think this claim should be sustained. When an instrument is executed in duplicate, it is in effect but one instrument. Here the declaration was evidently executed in that way that it might more conveniently and promptly be sent to the two county seats for record; and if it had not been executed in

duplicate, it clearly could not have been recorded in both counties at the same time, and yet in that event the objection interposed would seem to be equally tenable.

2. It is also claimed that the homestead must be limited to the dwelling-house in which the claimant resided, and the sepaately enclosed two acres of land on which it was situated. This claim is rested upon the theory that the balance of the land was used for purposes of business, and hence was not subject to selection as a homestead; but it is well settled in this state that a farm may be selected as a homestead. In *Gregg* v. *Bostwick*, 33 Cal. 227; 91 Am. Dec. 637, it is said:—

"Both in the constitution and in the statute the word 'homestead' is used in its ordinary or popular sense—or, in other words, its legal sense is also its popular sense. It represents the dwelling-house at which the family resides, with the usual and customary appurtenances, including out-buildings of every kind necessary or convenient for family use and lands used for the purposes thereof. If situated in the country, it may include a garden or farm. If situated in a city or town, it may include one or more lots, or one or more blocks."

Here it was proved that the whole tract was used as a farm by its owners, principally for pasturing and feeding their own cows and other domestic animals, though sometimes, when there was more pasturage than was necessary for their animals, they took in other cattle to pasture, and when they had more hay than their animals would consume in the winter, they sold some of it; but these facts did not, in our opinion, make the farm such a place of business as to bring it within the cases holding that property used for business purposes solely cannot be selected as a homestead. The declaration was in proper form, and when filed for record we think it had the effect to impress upon the whole farm a valid homestead claim.

3. It is further claimed that when Mr. and Mrs. Gloster executed their deed in December, 1875, they abandoned their homestead upon that part of the land covered by the deed. The answer to this claim is that "a homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged." (Sec. 1243, Civ. Code.) Here the proof is clear that the deed was given only as a mortgage, and

therefore it did not pass the title and could not operate as a grant.

4. It is claimed that the declaration of 1886 did not create any new homestead rights for the reasons, among others: 1. That it was an attempt to select a second homestead while that of 1874, if valid, was still in force; and 2. That the certificates of acknowledgment attached to the declaration were not in the form prescribed and made necessary by the statute, and hence it was not entitled to be recorded.

It is admitted by respondent that the certificates of acknowledgment were not in proper form, but contended that, notwithstanding the defects, the declaration might still be filed for record, and that when so filed, it constituted a valid homestead.

The Civil Code has the following provisions: —

"Sec. 1262. In order to select a homestead, the husband or other head of a family, or in case the husband has not made such selection, the wife must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record.

"Sec. 1263. The declaration of homestead must contain" certain specified statements.

"Sec. 1264. The declaration must be recorded in the office of the recorder of the county in which the land is situated.

"Sec. 1265. From and after the time the declaration is filed for record, the premises therein described constitute a homestead," etc.

As we read these sections, the requirement is imperative that a married woman's acknowledgment of a declaration of homestead must be taken and certified in the manner prescribed by section 1186 of the Civil Code, and it was in effect so held in *Beck* v. *Soward,* 76 Cal. 527. The certificate must be attached to the declaration, and the paper may then be filed for record, and constitute a homestead; but if the certificate is not made in substantial conformity to the requirements of the statute, the paper is not entitled to record, and if filed and recorded, it will not constitute a homestead.

Looking at the whole record, we conclude that Mrs. Gloster had a valid homestead upon all the land described in her declaration of 1874, and as to that land that the mortgage was void,

but that the plaintiff was entitled to have his mortgage foreclosed upon the quarter-section in Sierra County, which was covered by it, and not included in the homestead.

The judgment and order should therefore be reversed, and the cause remanded, with directions to the court below to modify its judgment in accordance with the views above expressed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed, and the cause remanded with directions to the court below to modify its judgment in accordance with the views herein expressed.

HARRISON, J., PATERSON, J., MCFARLAND, J.