[S. F. No. 3502.   Department One.—October 11, 1905.]

ANNA M. REED, Individually, and as Executrix of the Will of John M. Reed, Appellant, v. BANK OF UKIAH, Respondent.

JUDGMENT — VACATION — SUPPORT OF ACTION — FRAUD AND UNDUE INFLUENCE—PARTIAL DEFENSES.—In order to support an action in equity to vacate a judgment in favor of the defendant, on the alleged grounds that it was obtained by fraud and undue influence, and that plaintiff and her deceased husband had good and substantial partial defenses to the action in which it was obtained, it is absolutely necessary that both of these grounds be established, and if plaintiff fail upon either, she must fail in the suit. Failing to establish the fraud or undue influence alleged, it is immaterial whether the partial defenses are proved or not.

ID.—EVIDENCE—MENTAL CONDITION OF DECEASED HUSBAND OF PLAINTIFF—HARMLESS RULING.—Though the fact that the deceased husband of plaintiff was in a weak mental condition and therefore more easily subject to undue influence or fraud, though not insane or incompetent to contract, was legitimate proof on those issues, yet where it was established that no fraud or deceit was practiced upon him, and no undue influence used upon him, the exclusion of evidence as to his mental weakness was immaterial.

ID.—EXCLUSION OF EVIDENCE CURED.—The exclusion of evidence cured by the subsequent examination of the witness in which the testimony at first excluded was in substance given, is immaterial.

ID.—ILLEGAL CHARGE OF INTEREST UPON ACCOUNT—CONSIDERATION OF
NOTE — EVIDENCE — VERBAL AGREEMENT — MISTAKE NEGATIVED.—
Assuming that plaintiff and her husband might have been entitled
to relief on the ground of mistake in incorporating an illegal
charge of interest upon open account, which entered into the con-
sideration of the notes and mortgage upon which the judgment
was rendered, showing a partial want of consideration, yet evidence
was admissible for the defendant to show a verbal agreement that
such interest might be allowed, and that the notes were not executed
under a mistake.

ID.—ACKNOWLEDGMENT OF MORTGAGE—SUFFICIENCY OF CERTIFICATE—
POLICY OF LAW.—It is the policy of the law to construe certificates
of acknowledgment liberally, and unnecessary words inserted therein
will be regarded as surplusage. The insertion of the word "who"
in the last clause of the acknowledgment of a mortgage, "and *who*
acknowledged to me that he executed the same," the certificate
being otherwise in due form, will not vitiate the certificate, which
may be fairly construed as a statement that the person appearing
before the officer did actually acknowledge to him that he executed
the mortgage.

APPEAL from an order of the Superior Court of Mendo-
cino County denying a new trial. J. M. Mannon, Judge.

The facts are stated in the opinion of the court.

Arthur J. Thatcher, J. T. Carey, and John H. Marble, for
Appellant.

McNab & Hirsch, for Respondent.

SHAW, J.—The plaintiff, individually and as executrix,
appeals from an order denying her motion for a new trial.

The complaint alleges a cause of action in equity to set
aside a judgment of the superior court of Sonoma County in
favor of the Bank of Ukiah against John S. Reed and Anna
M. Reed, rendered on September 18, 1897, during the lifetime
of John S. Reed. The grounds alleged are that the judgment
sought to be set aside was obtained by means of fraud and
undue influence on the part of the officers and agents of the
bank, and that the plaintiff, Anna M. Reed, and the deceased
John S. Reed had good and substantial partial defenses to the
action in which the judgment was obtained. In order to sup-
port an action of this character it is absolutely necessary
that both of these grounds be established, and if the plaintiff

fail upon either, she must fail in the suit, although she may have succeeded in establishing the other. The court found for the defendant on both propositions. The contention of the appellant is that neither finding is supported by the evidence. As we are of the opinion that there is enough evidence to sustain the finding that the former judgment was not procured by the fraud or undue influence alleged, it will not be necessary to consider the sufficiency of the evidence to prove the existence of the partial defenses to the notes and mortgages sued on.

The Bank of Ukiah held three notes against John S. Reed, secured by three mortgages covering certain chattels and a large body of land. On a part of the land embraced in the first mortgage, Anna M. Reed, who was the wife of John S. Reed, had, subsequently to the execution of the mortgages, recorded a declaration of homestead. A substantial part of the amount included in the notes was made up of items of interest at ten per cent per annum, compounded monthly, upon sums due on open account, there never having been any written agreement to pay the excess over seven per cent, except that contained in the notes sued on, which were made after the excess had accrued. As to this excess, the notes were without consideration, under the rule declared in *Adams* v. *Hastings*, 6 Cal. 126, [65 Am. Dec. 496]. On January 21, 1896, the action was begun against John S. Reed, Anna M. Reed, and others, to foreclose these mortgages. In April of that year the directors of the bank and its attorney had a meeting with John S. Reed and Anna M. Reed, at which it was agreed between the parties that the Reeds should suffer default in the foreclosure suit, and that, in consideration of certain payments to be made and the performance of certain conditions by the Reeds, the bank would not take judgment of foreclosure until January 2, 1897. The agreement was carried out, except that the bank did not procure the judgment until September, 1897. It is charged that the agreement above stated was made by the Reeds in consequence of the fraud and undue influence of the directors and attorney of the bank, and that by means thereof the Reeds were prevented from appearing in the action and making said defenses thereto. According to the allegations of the complaint, the Reeds were ignorant of their legal rights in the matter, and

of the facts constituting said defenses and of the meaning of legal terms and processes, and relied on the attorney for the bank and its officers for advice as to their rights and information as to the facts; that they had great confidence in the said attorney and officers, with whom they had been for many years on terms of friendship and close acquaintance; that John S. Reed was mentally weak and infirm to such an extent that he more readily yielded to the fraud and undue influence exercised, and that by certain false protestations of friendship, fraudulent solicitations, requests, and concealment of the facts, all of which are stated at great length, the execution of the agreement, and consequent failure to appear and defend, was procured by said attorney and officers. The court expressly found that neither the said officers or said attorney ever made any false statement or representation to John S. Reed, or deceived him, or did any act, or made any statement or representation to him, or gave him any advice, for the purpose of defrauding him, or gaining any advantage to themselves or to the said bank, and that neither of them ever made any false protestations of friendship or false statement whatever to Anna M. Reed, or did any act, or made any statement to defraud her, or obtain any advantage over her, in favor of the bank, and that she did not rely on the friendship or advice of either of them in the matter. The findings also specifically negative each of the particular allegations of fact which make up the charge of undue influence, and further declare that the agreement above mentioned was made by each of the Reeds freely and voluntarily, with full knowledge of all the facts involved, and was not induced by any false or fraudulent representations whatever. There was evidence sufficient to sustain these findings, and this alone was sufficient to support the judgment, regardless of the evidence or findings with respect to the alleged defenses to the notes and mortgages sued on.

It is claimed that the court erred in the admission and rejection of evidence relating to this branch of the case. In view of the express findings above recited, these alleged errors are immaterial. Many of them relate to the mental condition of John S. Reed at the time of the transactions in controversy. The fact that he was in a weak mental condition, and therefore more easily subject to undue influence or fraud,

although not insane, or incompetent to contract, was a legitimate subject of proof under the allegations of the complaint. But with the facts above established, that no fraud or deceit was practiced upon him, and no acts of undue influence used upon him, his weakness of mind and susceptibility to such fraud and undue influence as might have been, but was not practiced upon him, became entirely immaterial. It is not claimed that his mental weakness was sufficient to make him insane or incompetent to make contracts. Other rulings complained of relate to the other branches of the case, and are, consequently, immaterial, or they were cured by the subsequent examination of the witness, in which the testimony at first excluded was in substance given. It is not necessary to notice them in detail.

Another point made upon the appeal requires some consideration. It is contended that, irrespective of the question of undue influence and fraud, the judgment sought to be set aside was obtained through the mistake of the Reeds regarding the facts constituting the alleged defenses, and that if this be true the judgment should be set aside regardless of the good faith of the other parties thereto. Evidently the complaint was not drawn upon any such theory, and it is at least doubtful if this claim was made upon the trial. Some of the errors complained of relate to the subject of mistake, and, waiving any failure to predicate the case upon this ground, we think it proper to consider them. Evidence was admitted of a verbal agreement between the bank and John S. Reed that there should be a charge of the excess of interest over seven per cent which constituted a part of the consideration of the notes. Objection was made to this evidence by the plaintiff. It is urged that the agreement was invalid unless it was in writing, and consequently that no evidence should be received thereof. The offer of the evidence by the defendant was substantially an admission that there was no written contract for such a charge of interest, and we cannot perceive how it could be injurious to plaintiff so far as it tended to prove the absence of such written agreement. So far as it tended to prove knowledge on the part of John S. Reed of the fact that there was no written agreement for such interest, and that there was such a charge contained in the account in settlement of which the notes were given, it

was competent, material, and relevant evidence to prove that the notes were not executed by him under any mistake concerning that item, if any such issue were presented. If there was no such issue, then necessarily the testimony was harmless in view of the other findings mentioned. There is no claim that he was ignorant of the fact, however.

It is further claimed that the Reeds were mistaken in believing that the first mortgage was paramount to the homestead, whereas, in fact, as it is claimed, a defect in the certificate of acknowledgment to the mortgage made its recordation void and rendered the mortgage subject to the subsequently recorded homestead, and the agreement for judgment was made without knowledge of this defect or of their rights under the homestead in consequence thereof. The alleged defect consisted in the interpolation in the certificate of the word "who" as hereinafter noted. The following copy of the material parts of the certificate shows the word in italics: "On this [giving date], before me [stating name and official character], personally appeared John S. Reed, personally known to me to be the same person described in, whose name is subscribed to, and who executed the within instrument, and *who* acknowledged to me that he executed the same." "It is the policy of the law to construe certificates of acknowledgment liberally, and not to allow a conveyance to be defeated by unsubstantial objections. If words of equivalent import to those of the statute are employed it is sufficient, and the certificate will not be vitiated by unsubstantial clerical errors, nor by the omission of words not essential to an intelligent understanding of its meaning. Where it contains everything required by the statute to be included therein, it will not be vitiated by the insertion of unnecessary words, but such words may be regarded as surplusage." (1 Cyc. of Law & Pro. 583.) The purposes of the law in requiring an acknowledgment are to entitle the instruments to record, to prevent disputes concerning the execution of instruments admitted to record, to make them admissible in evidence and to give notice to those examining the record that such execution has been made with due care and circumspection. It is manifest that the officer himself would not be permitted to dispute the sufficiency of the form of the certificate here made, and equally clear that no one, upon looking at the record,

would be in doubt as to the fact that John S. Reed did actually acknowledge to the officer that he executed the mortgage. The certificate may fairly be construed to contain a statement to that effect. A very technical construction might show it to be wanting in such a statement and make the clause in question meaningless. Such a construction, however, is to be avoided wherever the words are reasonably susceptible of an interpretation which will give meaning to all its clauses and make it legally effective. We do not think the certificate in question so defective as to render the recordation of the mortgage nugatory and make the homestead paramount thereto. It follows that this supposed defense to the foreclosure suit did not exist, and that it could not be the foundation of a cause of action to set aside the judgment of foreclosure.

The other alleged errors are not of sufficient importance to require notice.

The order is affirmed.

Van Dyke, J., and Angellotti, J., concurred.

Hearing in Bank denied.