[Civ. No. 13299. Second Dist., Div. Two. Oct. 29, 1941.]

L. C. THOMAS et al., Respondents, v. NANNIE P. SPECK, et al., Appellants.

John A. Jorgenson for Appellants.

M. J. Rankin and Milo V. Olson for Respondents.

HANSON, J. *pro tem.*—This is an appeal from a judgment quieting title to real property in favor of the grantee of a homestead declarant against appellants, judgment creditors of the declarant. The judgment was of record prior to the conveyance to respondents.

The facts as stipulated, so far as they are material, are these: In 1930 one De Le Fond recorded a declaration of homestead endorsed upon which the notary's certificate here in question read as follows: " . . . personally appeared *Charles De Le Fond,* known to me (or proved to me on the oath of *himself*) to be the person . . . " This is the statutory form prescribed for the notarial certificate. (Civ. Code, sec. 1189.) In the blank space of the form the words above italicized were inserted before the acknowledgment. On September 21, 1934, there was filed for record a mortgage executed by De Le Fond in favor of the Home Owners' Loan Corporation which secured a promissory note in the principal sum of $2160, and this it is conceded has ever since been a

valid first mortgage lien. On February 25, 1935, a judgment in the principal sum of $1973.67, now owned by appellants, was recovered against De Le Fond in the Municipal Court of Los Angeles, and on February 27, 1935, a properly certified abstract of the judgment was filed and recorded in the office of the County Recorder of Los Angeles County, wherein the property involved in the action is located. On September 26, 1935, De Le Fond filed a second declaration of homestead, which it is admitted complied in form and in substance with the statute, both as to its contents and the certificate of the notary. This declaration made no reference to the earlier declaration. No abandonment of homestead was ever recorded by De Le Fond subsequent to the filing of his first declaration.

On October 1, 1935, De Le Fond filed a petition in the federal court of this district to be adjudged a voluntary bankrupt, duly scheduling therein appellants as creditors and claiming the property herein involved as his homestead. On the same day the court adjudged him a bankrupt. On November 18, 1935, the bankruptcy court, upon its trustee's report of exempt property, entered its order confirming the report and set aside the property here involved as the homestead of De Le Fond and as being exempt. Thereafter on January 6, 1936, the bankruptcy court entered its usual order discharging De Le Fond from all debts and claims against him, provable in bankruptcy, excepting therefrom, however, such as were by operation of law not dischargeable in bankruptcy. While appellants were notified of the bankruptcy proceedings, they never filed a claim therein nor did they at any time appear or participate therein.

On May 8, 1936, De Le Fond conveyed his equity in the property in question to respondents for the sum of $953.44 and the assumption by them of the unpaid balance of the mortgage in the sum of $1797.56, or a total consideration of $2750.00. Pursuant to an execution which had been levied on January 15, 1940, the marshal of the municipal court on February 16, 1940, sold all the right, title and interest of De Le Fond to the judgment creditors, appellants here, for the sum of $1500.00. No proceedings were had under Civil Code, sections 1245–1259, with a view to ascertaining what, if any, surplus value there might be in the property over the value allotted by statute to one with a valid right of home-

stead. Thereafter the instant action was instituted and the court, as heretofore stated, quieted the title in respondents.

The grounds of appeal are: (1) that the declaration was rendered worthless by virtue of the defective notarial certificate; (2) that such defect was not remedied by the curative act (Civ. Code, sec. 1207); that an order of a bankruptcy court which had adjudicated that the property was the homestead of the declarant and exempt did not bind appellants even though the bankrupt had scheduled his claim in bankruptcy.

The main contention of appellants is that the statute requires for an effective declaration of homestead not merely certain statements in the body of the declaration and that the declaration be executed, acknowledged and recorded, but that it must be acknowledged *in the same manner* as a grant of real property is acknowledged. In short, appellants contend that this provision is for a special type of acknowledgment and is just as much a part of an effective declaration as are the provisions of the statute in respect to the data which the declaration must set forth in what may be termed the body thereof. The rule in this jurisdiction is otherwise. (*Reid* v. *Englehart-Davidson etc. Co.*, 126 Cal. 527 [58 Pac. 1063, 77 Am. St. Rep. 206].) The statute providing for the selection of a homestead reads in part as follows: "In order to select a homestead, the husband or other head of a family . . . must . . . acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record." (Civ. Code, sec. 1262.) While it says nothing to the effect that the notary's certificate shall accord with the statutory form of a notary's acknowledgment in a grant deed of real property, such may be presumed from the next section, which requires the declaration to be recorded. But in the instant case there was no evidence that the declarant did not acknowledge in the manner of a grantor of real property. On the contrary, the only variation in the notary's certificate of De Le Fond's acknowledgment from that customarily used by the grantor of realty is in the inclusion of the parenthetical clause which forms no part of the certificate when the declarant is known to the notary. If the notary had not personally known the declarant the latter would then have had to prove his identity by the oath of a third person. He could not have proved his

identity by his own oath. (*Joost* v. *Craig,* 131 Cal. 504 [63 Pac. 840, 82 Am. St. Rep. 374].) Accordingly, if the notary's certificate had not contained, as it does, the language that the declarant *was known to him,* the acknowledgment would indeed have been defective. But such is not here the case.

■ The certificate of acknowledgment must be deemed in every respect to be that of the notary. (*Reid* v. *Englehart-Davidson etc. Co., supra.*) Notaries public have specific duties, including that of certifying to instruments acknowledged by parties who appear before them. ■ There is no duty on the part of the subscriber of an instrument who has properly acknowledged it before a notary to see to it that the certificate is correct. The statute pertaining to homesteads above set forth does not impose that duty on the declarant. Obviously the notary did not enjoy the knowledge a notary should have as to the meaning, purpose and requirements of a certificate of acknowledgment. Had he possessed such knowledge he would have known that before he was entitled to certify to declarant's acknowledgment of the instrument it was requisite either that he know the declarant or that, if unknown, his identity should be proved under oath by one who knew both declarant and notary. (*Joost* v. *Craig, supra.*) Not having such requisite knowledge of his duties as a notary he chose to fill in all blanks in the certificate and to take the oath of the declarant as to his own identity, although known. ■ While the fact may actually have been the very reverse, it is our duty to construe in behalf of legality rather than illegality. If the phrase ("or proved to me on the oath of himself") had been stricken, the certificate would be unassailable. Such phrase should be ignored as surplusage, or made so by construing the word "or" in the phrase in the conjunctive sense. (46 C. J. 1124.) In a certificate which read "proved or acknowledged," a phrase quite as ambiguous as the one before us, the Michigan Supreme Court in *Nelson* v. *Graff,* 44 Mich. 433 [6 N. W. 872], held it proper to regard the words "proved or" as surplusage.

■ But however meaningless might be the language of the certificate, we are convinced that our curative act (Civ. Code, sec. 1207) cured the defect prior to the date of appellants' judgment against De Le Fond. A declaration of

homestead clearly is an instrument affecting title to real property within the meaning of the curative act, which provides that any instrument duly recorded for one year "imparts notice of its contents to subsequent purchasers and encumbrancers, *notwithstanding any defect, omission or informality in the execution of the instrument, or in the certificate of acknowledgment thereof,* or in the absence of any such certificate." This applies likewise whether the person acknowledging was or was not known to the notary. (*Haney* v. *Gartin,* 51 Tex. Civ. App. 577 [113 S. W. 166]; *Baker* v. *Woodward,* 12 Ore. 3 [6 Pac. 173].) ▇ Where a notary's certificate contains everything required by the statute *it will not be vitiated by the insertion of unnecessary words.* (*Reed* v. *Bank of Ukiah,* 148 Cal. 96 [82 Pac. 845].) Conceding that the certificate is ambiguous on its face, yet such ambiguity is not fatal to the validity of the declaration. ▇ The statutory requirement that a homestead declarant *"must acknowledge in the same manner as a grant of real property is acknowledged"* was clearly complied with by De Le Fond. He did appear before the notary and formally declare that the act was his. (1 C. J. S., p. 778, sec. 1.) Such act would have been just as efficient if the notary had affixed the written verification of declarant that the declaration was his own. (*Favello* v. *Bank of America,* 24 Cal. App. (2d) 342 [74 Pac. (2d) 1057].)

The authorities cited by appellant, *Kennedy* v. *Gloster*, 98 Cal. 143 [32 Pac. 941], *Reid* v. *Englehart-Davidson etc. Co., supra,* and *Carey* v. *Doughitt,* 140 Cal. App. 409 [35 Pac. (2d) 632], are readily distinguishable. In the Carey case it was held that there is no authority for the courts to decree a homestead in the absence of a compliance with the statute. In the Reid case the declaration was held invalid because it could not be ascertained whether plaintiff was the husband or the wife; but it was there decided that the certificate is not a part of the declaration. The Kennedy case, whose *dictum* is in line with appellants' contention, was overruled by the Reid case.

▇ The order of the bankruptcy court is of no importance. It merely adjudicated that De Le Fond had a valid homestead in the property here involved and therefore that it was exempt. However, the adjudication did not bind creditors who by state law had a lien on the property on the date

De Le Fond was adjudicated a bankrupt. (*Blood* v. *Munn*, 155 Cal. 228 [100 Pac. 694]; *McCrae* v. *Felder* [4 C. C. A.] 12 Fed. (2d) 554.) "An order of a bankruptcy court setting aside exemptions . . . is *res adjudicata* only as to the exemption of the property against creditors without liens." (8 C. J. S. 1352, note 99.) So the controlling question here is not as to the effect of the bankruptcy order on the appellants but whether or not by state law they had a lien on the property on the date De Le Fond was adjudicated bankrupt. If the appellants had a lien it was because De Le Fond's first declaration was so defective that under the state law he could not be said to have a homestead in the property. Furthermore, it may here be observed that if under the state law he had no homestead it was not then necessary, prior to an execution sale of the property, that the appellants should have pursued the procedure laid down in sections 1245–1259 of the Civil Code. If, however, the homestead declaration was valid, then by virtue of Civil Code, section 674, as construed by our Supreme Court, the appellants' judgment, even though of record, was *not a lien on the property,* because the Supreme Court says a judgment cannot be a lien on a property that *is* a homestead even though it is a lien on other real property of the judgment debtor. (*Barrett* v. *Simms,* 62 Cal. 440.) Accordingly, if appellants were not lien creditors they were bound by the adjudication in bankruptcy, because in that situation they had a mere contract claim reduced to judgment, unsecured by a lien, and such a creditor is bound by the adjudication. But that is because of his *character* as a creditor and not simply because the bankruptcy court had made an adjudication that the property was homestead and exempt. If by state law the declaration of homestead was valid, then entirely aside from the order made by the bankruptcy court appellants forfeited all rights they had under their judgment to pursue the property by their failure to comply prior to execution sale with sections 1245–1259 of the Civil Code.

 Moreover, a judgment is not a lien upon a validly declared homestead or upon any surplus value therein over and above the statutory exemption. (*Barrett* v. *Simms, supra,* followed by *Lubbock* v. *McMann,* 82 Cal. 226 [22 Pac. 1145, 16 Am. St. Rep. 108]; *Sanders* v. *Russell,* 86 Cal. 119

[24 Pac. 852, 21 Am. St. Rep. 26]; and *Boggs* v. *Dunn*, 160 Cal. 283 [116 Pac. 743].)

As bankruptcy does not abrogate secured liens and as an order setting aside a homestead is an adjudication binding only on unsecured creditors, appellants were not affected or bound thereby if they had a lien under state law. At the time De Le Fond was adjudicated a bankrupt appellants had not caused execution to issue. Neither had there been any sale, at their instance, which would have shifted them from the secured class, if they were in that class, to the unsecured class had such sale occurred before bankruptcy. Appellants owed no duty to go into the bankruptcy court to contest the trustee's report listing the property as a homestead. Nor were respondents entitled to rely upon the orders made by the bankruptcy court.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 22, 1941.