[*Civ. No. 5760. Third Appellate District.—January 11, 1938.*]

TONY FAVELLO et al., Respondents, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant.

Louis Ferrari, George D. Schilling and C. Ray Robinson for Appellant.

Gregory P. Maushart and Francis W. Murphy for Respondents.

PULLEN, P. J.—This is an appeal from a judgment arising from an action to restrain an execution sale of real property on the ground that it was exempt by virtue of the prior recordation of a declaration of homestead by the judgment debtor, a plaintiff herein.

It is the contention of appellant that the declaration of homestead above referred to is invalid and ineffective to create a homestead exemption by reason of the fact that the declaration was not acknowledged, as required by law.

We need not set forth the declaration of the homestead, as that appears to be regular and in due form. This instrument was executed by Tony Favello by making his mark. His signature by mark was witnessed by two witnesses, accompanied by the following:

"Tony Favello being unable to write, made his mark and signature in our presence and his name was at his request,

written near it by Gregory P. Maushart and we at his request have signed our names as witnesses to said mark and signature.

> GREGORY P. MAUSHART,
> CARMELLA MALARDINO,
> Witnesses to said mark and signature.

State of California,
County of Merced,—ss.

Tony Favello, being duly sworn, deposes and says:

That he is the declarant named in and who makes the within and annexed declaration of homestead; that he has read the same and knows the contents thereof, and that the matters therein stated are true of his own knowledge.

> his
> TONY X FAVELLO
> mark

Tony Favello being unable to write, made his mark and signature in our presence and his name was, at his request, written near it by Gregory P. Maushart and we at his request, have signed our names as witnesses to said mark and signature.

> GREGORY P. MAUSHART,
> CARMELLA MALARDINO,
> Witnesses to said Mark and Signature.

Subscribed and sworn to before me this 21 day of March, 1935.

> (Seal)                    GREGORY P. MAUSHART,

Notary Public in and for the County of Merced, State of California."

Section 1262 of the Civil Code requires that the declarant acknowledge his execution of the homestead, which acknowledgment must be endorsed on or attached to the instrument. To acknowledge is, according to Webster's International Dictionary, "to admit, affirm, declare, testify, avow, confess or own as genuine his execution of the document".

The officer taking an acknowledgment is required by section 1188 of the Civil Code to endorse on or attach to the instrument a certificate substantially in the form required by section 1189 of the same code, by which he is required to certify to three factors:

First, that the declarant personally appeared before him; secondly, that the declarant was known to him to be the person whose name is subscribed to the declaration, and

thirdly, that the declarant acknowledged that he executed the document.

The form of the certificate used, the order in which these facts appear, and the particular words used to set forth these facts, are of no consequence.

In examining the recitals and certificate annexed to the instrument before us, we find that Favello, being unable to write, made his mark; secondly, that he made his mark in the presence of the two required witnesses; thirdly, at his request his name was written near the mark by Gregory P. Maushart, and that Maushart was one of the two witnesses to the signature of Favello by mark; fifthly, that Favello was duly sworn, deposed and said, "that he is the declarant named in, and he makes the within and annexed declaration of homestead . . . "; sixthly, he signed this sworn statement again by mark, his name again being written by Maushart, who again was one of the required two witnesses, and, that he signed and swore to his declaration before the same Maushart as a notary public.

■ That the statutes, for the purpose of carrying out the preservation of a homestead, are remedial, and should be at least fairly and reasonably construed, is established as early as *Southwick* v. *Davis,* 78 Cal. 504 [21 Pac. 21]. In *Reed* v. *Bank of Ukiah,* 148 Cal. 96 [82 Pac. 845], in considering an attack on the sufficiency of a certificate of acknowledgment to a mortgage, the court said in substance, that it was the policy of the law to construe certificates of acknowledgment liberally, and if words of equivalent import to those of the statute were employed it was sufficient, and the certificate would not be vitiated by unsubstantial clerical errors, nor by omission of words not essential to an intelligent understanding of its meaning. Technical construction is to be avoided wherever the words are reasonably susceptible of an interpretation which will give meaning to all of its clauses and make it legally effective.

In *Touchard* v. *Crow,* 20 Cal. 150 [81 Am. Dec. 108], Chief Justice Field, delivering the opinion for the court, laid down the general rule that a certificate of acknowledgment is to be sustained, if possible, and referred to the case of *Brooks* v. *Chaplin,* 3 Vt. 281 [23 Am. Dec. 209]. In that case the certificate did not show in what state the acknowledgment was taken, but the omission was supplied by reference to

the deed in which the grantor described himself as a resident of Suffield, in the county of Hartford, state of Connecticut.

Having in mind the three essential facts necessary in the making of an acknowledgment we find that Favello was personally present before Maushart, for it appears upon the document that in two instances Favello's name was signed to it by a witness, which witness was himself the officer certifying its execution, and reciting that Favello, being unable to write, "made his mark and signature in our presence". The fact that Favello was known to Maushart is also made to appear in the same language. In the affidavit the declarant was sworn, deposed and said, "that he is the declarant named in and who makes the within annexed declaration of homestead". To depose is, "to bear witness to, state on oath, or give testimony". It is therefore evident that Favello affirmed the fact of his execution of the document, and that he gave definite testimony to that effect. In effect it appears from the document that Tony Favello stated on oath that he was the declarant who made the declaration of homestead, and that the matters therein stated were true.

In *Carpenter* v. *Dexter*, 8 Wall. 513 [19 L. Ed. 426], we find the court holding:

"The law of Illinois in force in 1847, upon the manner of taking acknowledgments, provides that no officer shall take the acknowledgment of any person, unless such person 'shall be personally known to him to be the real person who (executed the deed), and in whose name such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness', and such personal knowledge, or proof, shall be stated in the certificate. (Rev. Stat. Ill. of 1845, chap. 24, sec. 20.)

"Looking now to the deed itself, we find that the attestation clause stated that it was 'signed, sealed and delivered' in the presence of the subscribing witnesses. One of these witnesses was the justice of the peace before whom the acknowledgment was taken; and he states in his certificate following immediately after the attestation clause, that the 'above named William T. Davenport, who has signed, sealed and delivered the above instrument of writing, personally appeared' before him and acknowledged the same to be his free act and deed. Read thus with the deed the certificate amounts to this: that the grantor personally appeared before the officer, and in his presence signed, sealed and de-

livered the instrument, and then acknowledged the same before him. An affirmation, in the words of the statute, could not more clearly express the identity of the grantor with the party making the acknowledgment.''

Appellants call our attention to *Pasqualetti* v. *Hilson*, 43 Cal. App. 718 [185 Pac. 693], where a notice of nonliability was acknowledged by the owner of the property before a notary public, whereas section 1192 of the Code of Civil Procedure requires such notice to be verified. The court held that the use of an acknowledgment instead of a verification was not a sufficient compliance with the statute. That is entirely correct. An acknowledgment cannot take the place of a verification, but there is no reason why verification, if it contains the necessary information, may not act as an acknowledgment.

We are of the opinion that the acknowledgment heretofore referred to, complied, in substance, with all the requirements of the statute, and the homestead having been recorded prior to the time of the levy of the execution, the judgment should be affirmed, and it is so ordered.

Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 10, 1938.