In re KOSSACK.

No. 53801.

United States District Court
S. D. California, Central Division.

July 30, 1953.

886

Jack Altman, Los Angeles, Cal., for bankrupt.

Albert A. Dorn, Los Angeles, Cal., for trustee.

MATHES, District Judge.

Bankrupt petitions for review of an order of the referee overruling bankrupt's objections to the trustee's report of exempt property.

On March 10, 1952 bankrupt was adjudged upon his voluntary petition that day filed, in which he claimed as exempt the residential property described in a "Declaration of Homestead" which had been "executed" by him and his wife on a printed form in the manner hereinafter detailed, and recorded on February 3, 1948 in the office of the County Recorder of Los Angeles County.

In due course the trustee in bankruptcy filed his report of exempt property pursuant to General Order 17, 11 U.S.C.A. following § 53, in which the trustee declared his refusal to list or set apart as exempt the residential property thus claimed as a homestead, "for the reason that the Declaration of Homestead * * * is not properly executed under the law." See Bankruptcy Act § 47, sub. a(6), 11 U.S. C.A. § 75, sub. a(6).

Within the permitted ten-day period bankrupt filed objections to this determination of the trustee. Gen. Order 17(2), 11 U.S.C.A. following § 53. Upon the issues thus joined a hearing was had, following which the referee concluded that the "Declaration of Homestead * * * was not executed * * * in accordance with law," and entered the order under review.

■ Whether a bankrupt is entitled to have set aside for his benefit such exemptions as state law permits is governed by federal bankruptcy law, Bankruptcy Act §§ 6, 47, sub. a(6); 11 U.S.C.A. §§ 24,. 75, sub. a(6); Prudence Realization Corp. v. Geist, 1942, 316 U.S. 89, 95, 62 S.Ct. 928, 86 L.Ed. 1293; Deitrick v. Greaney, 1940, 309 U.S. 190, 200–201, 60 S.Ct. 480, 84 L.Ed. 694; Gardner v. Johnson, 9 Cir., 1952, 195 F.2d 717, 719; but the nature and extent of the exemptions which a bankrupt may claim and the procedure for perfecting such exemptions are governed by state law. White v. Stump, 1924, 266 U.S. 310, 45. S.Ct. 103, 69 L.Ed. 301; Turnbeaugh v. Santos, 9 Cir., 1944, 146 F.2d 168; In re Dudley, D.C.S.D.Cal.1947, 72 F.Supp. 943.

■ The sole question here is whether or not bankrupt executed a valid declaration of homestead under California law.. See Cal.Civ.Code § 1262; cf. id. § 1091. If so, § 6 of the Bankruptcy Act, 11 U.S.

C.A. § 24, unquestionably accords him the exemption provided by the Homestead Law of California. .Cal.Civ.Code, § 1237 et seq. See Haskins, Homestead Exemptions, 63 Harv.L.Rev. 1289, 1315–1319 (1950).

Section 1262 of the Civil Code of California requires that: "In order to select a homestead, the husband * * * must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record."

The challenged instrument at bar consists of a printed form of "Declaration of Homestead" comprising a single sheet and containing on each side various printed provisions and appropriate blank spaces for names, description of property, value and date, together with two blank lines for signature at the foot or end of the front of the page, followed by the customary form of joint notarial acknowledgment at the top of the reverse side. Immediately following this form of acknowledgment is a form of verification and two blank lines for signature, with a notarial jurat form below and to the left.

The attestation clause is filled in to read: "In Witness Whereof, we have hereunto set our hands this 17th day of October, 1947.

"[Signed]  W. A. Gallagher
          "Notary Public"

Then follows at the top of the reverse side of the page this completed notarial certificate of acknowledgment:

"State of California,⎫
County of Los Angeles⎭ SS.

"On This 17 day of October, A.D. 1947, before me, W. A. Gallagher, a Notary Public in and for said County, personally appeared Ben A. Kossack and Shirley S. Kossack, his wife, known to me to be the persons whose names are subscribed to the within instrument, and severally acknowledged to me that they executed the same.

"Witness my hand and official seal the day and year in this certificate first above written.

"[Signed] W. A. Gallagher
"[Notarial Seal]   Notary Public in and for said County and State."

Immediately below the certificate of acknowledgment the following verification is set forth:

"State of California,⎫
County of Los Angeles⎭ SS.

"Ben A. Kossack and Shirley S. Kossack, husband and wife, each, being first duly sworn, deposes and says: That he/she is one of the declarants in the foregoing declaration of homestead; that he/she has read the foregoing declaration and knows the contents thereof, and that the matters therein stated are true of his/her own knowledge.

"[Signed]  Ben A. Kossack
"[Signed]  Shirley S. Kossack
"Subscribed and Sworn to before me this 17 day of October, 1947.
"[Signed]    W. A. Gallagher
       "Notary Public in and for
        said County and State.
                    [Notarial Seal]
"Comm. Exp.  10/2/49"

It thus appears beyond dispute that the notary signed the attestation clause at the foot or end of the declaration proper, and completed the notarial certificate of acknowledgment; while bankrupt and his wife signed and made oath to the verification form beneath.

█ No question has been raised as to the sufficiency of form or content of the body of this "Declaration of Homestead"; form and content of the declaration proper admittedly meet all requirements of California law. See Cal.Civ.Code § 1263. Moreover, where as here a verification contains the necessary information, it may also serve as an acknowledgment. Favello v. Bank of America, 1938, 24 Cal.App.2d 342, 74 P.2d 1057; see Thomas v. Speck, 1941, 47 Cal.App.2d 512, 518, 118 P.2d 365, 368.

█ So the only real problem before the referee was whether the declaration was "executed" as required by the statute. Cal. Civ.Code § 1262. The verb "execute," as employed in the quoted provisions of § 1262 of California's Civil Code, is a word of art. "The execution of an instrument is the subscribing and delivering it * * *." Cal.Code Civ.Proc. § 1933.

The referee found that the declaration was not "executed," since "the declarants (bankrupt and wife) did not place their signatures at the end of the purported Declaration of Homestead."

The referee further found "from an examination and inspection of the instrument in question, its language as well as its form and the relative position of its parts, that the signatures of the declarants * * * in the verification clause * * * were placed as they were only for the purpose of verifying the instrument in question, and not for the purpose of executing the same."

However, the referee refused to receive any evidence dehors the questioned document, as to the intent or purpose with which the purported declarants placed their signatures in the spaces provided at the end of the verification. It is this exclusion of parol evidence which is urged as ground for reversal.

Since adoption of the Codes in 1872, California's parol evidence rule has remained unchanged:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings;

"2. Where the validity of the agreement is the fact in dispute. But this section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in section eighteen hundred and sixty, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term agreement includes deeds and wills, as well as contracts between parties." Cal.Code Civ. Proc. § 1856.

The formal requisites for a valid declaration of homestead are in substance identical with those attendant upon a grant of real property, see Cal.Civ.Code §§ 1262–1265, 1091, 1092, 1053, 1056, so the statute declaring the parol evidence rule is applicable to a declaration of homestead as well as a deed. Hence, "evidence * * * other than the contents of the writing" is admissible as to a declaration of homestead, where "the validity of the * * * [declaration] is the fact in dispute", Cal.Code Civ.Proc. § 1856, and the requirements of the Statute of Frauds have been met. See Ellis v. Klaff, 1950, 96 Cal.App.2d 471, 216 P.2d 15.

The requirements of the Statute of Frauds are that: "No estate or interest in real property * * * can be created, granted * * * or declared, otherwise than by * * * a conveyance or other instrument in writing, subscribed by the party creating, granting * * * or declaring the same * * *." Cal.Code Civ. Proc. § 1971. See also Cal.Civ.Code §§ 1624–1627; Cal.Code Civ.Proc. §§ 1973, 1973a.

Since the verb "subscribed" is not a word of art under California law, "The statute of frauds does not demand that the signature of the party to be charged be placed at the end of the writing relied upon if a proper signature be found elsewhere on the instrument. * * * Furthermore the signature need not be manually affixed, but may in some cases be printed, stamped or typewritten." Marks v. Walter G. McCarty Corporation, 1949, 33 Cal.2d 814, 820, 205 P.2d 1025, 1028. See also McNear v. Petroleum Export Corporation, 1929, 208 Cal. 162, 280 P. 684; California Canneries Co. v. Scatena, 1897, 117 Cal. 447, 49 P. 462; Little v. Union Oil Co. of California, 1925, 73 Cal. App. 612, 618, 238 P. 1066, 1068. Compare e. g. Geist v. O'Connor, D.C.D.Alaska, 1950, 92 F.Supp. 451; Commercial Credit Corporation v. Marden, 1936, 155 Or. 29, 62 P.2d 573, 112 A.L.R. 931. Because of this broad interpretation, a phrase such as "subscribed at the end thereof" is necessary to impose statutory requirement that a signature appear at the end of a document. Compare Cal.Civ.Code § 1091 with Cal. Prob.Code § 50(1); California Canneries

Co. v. Scatena, supra, 117 Cal. 447, 49 P. 462; see Little v. Union Oil Co. of California, supra, 73 Cal.App. at page 618, 238 P. at page 1068.

■ But regardless of the form or location of a claimed signature, the California Supreme Court has declared that "the statute of frauds is not satisfied unless it is proved that the name relied upon as a signature was placed on the document or adopted by the party to be charged with the intention of authenticating the writing." Marks v. Walter G. McCarty Corporation, supra, 33 Cal.2d at page 820, 205 P.2d at page 1028. See also Restatement, Contracts, § 210 (1932).

Moreover, the policy underlying California's Statute of Frauds is held to demand that some indicia of this intention appear on the face of the document itself. Marks v. Walter G. McCarty Corporation, supra, 33 Cal.2d 814, 205 P.2d 1025; McNear v. Petroleum Export Corp., supra, 208 Cal. 162, 280 P. 684; cf. California Trust Co. v. Bennett, 1949, 33 Cal.2d 694, 699, 204 P.2d 324, 327–328; Friedman v. Bergin, 1943, 22 Cal.2d 535, 140 P.2d 1; Ellis v. Klaff, supra, 96 Cal.App.2d 471, 216 P.2d 15; In re Estate of Dean, 1945, 68 Cal. App.2d 86, 155 P.2d 901. See also In re Estate of Bloch, 1952, 39 Cal.2d 570, 248 P.2d 21; In re Manchester's Estate, 1917, 174 Cal. 417, 163 P. 358, L.R.A.1917D, 629; In re Gardener's Estate, 1948, 84 Cal.App. .2d 394, 190 P.2d 629.

■ Again to borrow the words of the Supreme Court of California: "If [the signature] is at the end of the document, the universal custom of mankind forces the conclusion that it was appended as an execution, if nothing to the contrary appears. If placed elsewhere, it is for the court to say, from an inspection of the whole document, its language as well as its form, and the relative position of its parts, whether ·or not there is a positive and satisfactory inference from the document itself that the signature was so placed with the intent that it should there serve as a token of execu- ·tion." In re Manchester's Estate, supra, 174 Cal. at page 421, 163 P. at page 360, L. :R.A.1917D, 629.

The manifest purpose of this "four corners" rule is to implement the policy of the Statute of Frauds that certain formal requisites must appear from the writing itself in order to provide adequate safeguard against fraud. The reasoning behind the rule is given in Marks v. Walter G. McCarty Corporation, supra, 33 Cal.2d at pages 822–823, 205 P.2d at page 1029: "The wisdom of adhering to the statute of frauds by declaring the memorandum * * * inadequate is apparent. Here the * * * letterhead was printed on * * * stationery at some earlier time for a purpose unconnected with the transaction in suit. The four corners of the document give no indication of an intent to adopt the letterhead as a signature. Sympathetic consideration for the plaintiff because of the absence of a writing 'subscribed' as required by the statute is not enough. A decision in his favor would in effect repeal the statute of frauds and open the way for the assertion of false claims resting entirely in parol. The protection intended to be afforded by the statute would be lost."

■ The gist of the rule is that whenever a challenged writing is offered as evidence of any transaction or happening within the purview of the Statute of Frauds, the court should look first to the four corners of the instrument to determine whether the minimum formalities required to afford protection against fraud appear to be met.

■ If the challenge raises the issue of whether the writing has been "subscribed by the party" to be charged within the meaning of the statute, the "four corners" rule demands that facts and circumstances found from the face of the document itself be such as to satisfy the court prima facie that the formal requisites of the Statute of Frauds have been satisfied—"that the signature was so placed with the intent that it should there serve as a token of execution."

■ Where the facts and circumstances found from the face of the instrument are not such as to prompt the court to find the writing prima facie "subscribed" within the requirements of the Statute of Frauds, the document must be held incompetent as

evidence of the transaction, and parol evidence relevant to validity of the writing becomes immaterial. Compare California Trust Co. v. Bennett, supra, 33 Cal.2d 694, 204 P.2d 324 and In re Estate of Dean, supra, 68 Cal.App.2d 86, 155 P.2d 901.

■ On the other hand, where the facts and circumstances found from the face of the instrument are such as to satisfy the "four corners" rule, the document is properly received in evidence once the requisite foundation is laid, Wigmore, Evidence, §§ 2128 et seq. (3d ed. 1940) ; and where *inter alia* "imperfection of the writing is put in issue by the pleadings" or "validity * * * is the fact in dispute", parol evidence relevant to the issue is admissible. Cal.Code Civ.Proc. § 1856.

⁻This view of the function and scope of the "four corners" rule permits the court to invoke the protection afforded by the Statute of Frauds whenever applicable and still give effect to time-honored exceptions to the parol evidence rule. See Fuller, Basic Contract Law, 972–973 (1947) ; Williston, Contracts, § 567 (Rev.Ed.1936) ; Thayer, The Parol Evidence Rule, 6 Harv. L.Rev. 325, 329–331 (1893).

Although the California decisions do not expressly refer to the necessity of so applying the "four corners" rule as not to conflict with exceptions to the parol evidence rule, Cal.Code Civ.Proc. § 1856, use of the word "inference" in the above quotation from In re Manchester's Estate, supra, 174 Cal. at page 421, 163 P. at page 360, L.R.A. 1917D, 629, the word "indication" and the phrase "entirely in parol" from Marks v. Walter G. McCarty Corporation, supra, 33 Cal.2d at pages 822–823, 205 P.2d at page 1029, suggest a rationale lending full support to the views here expressed as to the limitations inherent in the scope and function of the "four corners" rule.

■ Thus the "four corners" rule is but a rule of exclusion which permits the court to reject as incompetent documents which fail to prompt an interlocutory finding, from their face, that the requirements of the Statute of Frauds have been satisfied.

■ As Judge Learned Hand said in United States v. Dennis, 2 Cir., 1950, 183 F.2d 201, 231, affirmed 1951, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137, "* * * the better doctrine is that the judge is always to decide, as concededly he generally must, any issues of fact on which the competence of evidence depends * * *." Cf. D'Aquino v. United States, 9 Cir., 1951, 192 F.2d 338, 357; United States v. Kertess, 2 Cir., 1944, 139 F.2d 923, 929, certiorari denied, 1944, 321 U.S. 795, 64 S.Ct. 847, 88 L.Ed. 1084; Wynkoop v. United States, 9 Cir., 1927, 22 F.2d 799; Pearlman v. United States, 9 Cir., 1926, 10 F.2d 460, 462; Daeche v. United States, 2 Cir., 1918, 250 F. 566, 571.

Once the writing is found preliminarily by the judge to comply with the requirements of the "four corners" rule, parol evidence becomes admissible, Cal.Code Civ.Proc. § 1856, being relevant to a determination by the trier of fact of evidentiary issues embraced within the ultimate issue of validity; such as whether a typewritten or printed signature was adopted by the party sought to be charged. Restatement, Contracts, § 210 (1932); see Marks v. Walter G. McCarty Corporation, supra, 33 Cal.2d at page 820, 205 P.2d at page 1028; or whether an instrument was executed in blank and filled in without authority, Jones v. Coulter, 1925, 75 Cal.App. 540, 243 P. 487; or whether requisite testamentary intent was present, In re Sargavak's Estate, 1950, 35 Cal.2d 93, 216 P.2d 850, 21 A.L.R. 2d 307; or whether there was undue influence, Jorgensen v. Dahlstrom, 1942, 53 Cal.App.2d 322, 127 P.2d 551; In re Kellogg, 1941, 41 Cal.App.2d 833, 107 P.2d 964; or whether the writing was forged, In re Morrison's Estate, 1926, 198 Cal. 1, 242 P. 939; 6 Wigmore on Evidence, § 1736, p. 115 (3d ed. 1940).

■ By the same token, once the judge has found interlocutorily that the requirements of the "four corners" rule are met, parol evidence becomes admissible "to identify the subject matter * * * from the written description, explain the meaning of ambiguous, abstruse, or technical expressions, and assist in interpreting the express-

ed intentions of the parties in the light of circumstances existing at the time of execution." Ellis v. Klaff, supra, 96 Cal.App. 2d at page 476, 216 P.2d at page 19; Cal. Code Civ.Proc. §§ 1856, 1860.

Turning again to the instrument in question in these proceedings, "the validity of the ["Declaration of Homestead"] is the fact in dispute." Cal.Code Civ.Proc. § 1856. Specifically the issue is whether the "Declaration of Homestead" is "subscribed by the party * * * declaring the same" within the Statute of Frauds. Cal. Code Civ. Proc. § 1971.

The bankrupt offered the instrument in evidence. It is clearly relevant and material to the issues raised by the trustee's report of exempt property and the bankrupt's objections thereto. So the referee was called upon to determine preliminarily whether the document is prima facie competent as evidence; whether it passes the test of the "four corners" rule; whether the facts and circumstances to be found from the face of the instrument prompt the inference that "the signature was so placed with the intent that it should there serve as a token of execution." In re Manchester's Estate, supra, 174 Cal. at page 421, 163 P. at page 360, L.R.A.1917D, 629.

Inspection and study reveal that the "four corners" of the "Declaration of Homestead" disclose *inter alia* the following facts and circumstances:

(1) That the instrument is a printed form of "Declaration of Homestead," which appears to have been designed, intended and made suitable for the single use and purpose of being filled in, signed, acknowledged, verified and recorded to claim a homestead in accordance with the laws of California;

(2) That the body of the "Declaration of Homestead" form is completely and correctly filled in to declare a homestead on the residential property therein described, Cal.Civ.Code § 1263;

(3) That the verification signed and sworn to by bankrupt and his wife at the foot or end of the document contains a solemn oath by "the declarants in the foregoing declaration of homestead" as to the truth of "the matters therein stated";

(4) That the notarial certificate of acknowledgment was completed by a Notary Public and certifies that the bankrupt and his wife "severally acknowledged * * * that they executed the [within instrument]", Cal.Civ.Code § 1185 (See Favello v. Bank of America, supra, 24 Cal.App.2d 342, 74 P.2d 1057; also Thomas v. Speck, supra, 47 Cal.App.2d 512, 518, 118 P.2d 365, 368; cf. Reid v. Englehart-Davidson Merc. Co., 1899, 126 Cal. 527, 58 P. 1063);

(5) That the document was recorded at the request of bankrupt on February 3, 1948;

(6) That presumably obeyed were the requirements of the law as to recording: that "before an instrument can be recorded its execution shall be acknowledged by the person executing it," Cal.Gov.Code § 27287, and the recording fees paid, Id. § 27201;

(7) That a "certificate of such acknowledgment * * * is prima facie evidence of the execution of the writing * * *." Cal.Code Civ.Proc. §§ 1948, 1951; People v. Geibel, 1949, 93 Cal.App.2d 147, 208 P. 2d 743, 757; Favello v. Bank of America, supra, 24 Cal.App.2d 342, 74 P.2d at pages 1058–1059;

(8) That bankrupt had permitted the instrument to remain of record against the property for almost four years at the time of filing of the petition in bankruptcy, in the face of the statutory provision that: "Any instrument affecting the title to real property, one year after * * * copied * * * of record * * * in the office of any county recorder, imparts notice of its contents to subsequent purchasers and encumbrancers, notwithstanding any defect, omission, or informality in the execution * * *." Cal.Civ.Code § 1207. Cf. Coopman v. Citizens State Bank of Omak, 9 Cir., 1936, 83 F.2d 815, opinion supplemented and rehearing denied, 9 Cir., 1936, 85 F.2d 799, certiorari denied, 1936, 300 U.S. 655, 57 S.Ct. 431, 81 L.Ed. 865.

The presumption upon review is that the referee considered all of these facts and circumstances, as well as the inferences rationally to be drawn therefrom. and Gen.Order 47, 11 U.S.C.A. following § 53, directs that "the judge shall accept

892

his findings of fact unless clearly erroneous." See Smith v. Federal Land Bank, 9 Cir., 1945, 150 F.2d 318, 321, certiorari denied, 1945, 326 U.S. 764, 66 S.Ct. 145, 90 L.Ed. 460; Mergenthaler v. Daily, 2 Cir., 1943, 136 F.2d 182, 184; Fed.R.Civ.P. 52(a), 28 U.S.C.A.

 However, the findings and the entire record under review indicate that the referee's findings and conclusions were based upon misconceptions of law, cf. Weaver v. Marcus, 4 Cir., 1948, 165 F.2d 862, 864, 175 A.L.R. 1305, more particularly as to the rules of evidence properly applicable.

As already stated, the ultimate issue before the referee was whether or not the "Declaration of Homestead" had been "executed" as required by California law. Cal. Civ.Code § 1266. Necessarily included in that ultimate issue, and essential to a determination thereof, was the auxiliary issue as to whether or not the instrument in question had been "subscribed by the party * * * declaring the same," within the meaning of California's Statute of Frauds. Cal.Code Civ.Proc. § 1971.

The policy underlying the Statute of Frauds requires that this auxiliary issue as to whether an instrument has been so "subscribed" be determined preliminarily by the trial judge from the face of the document; that is the effect of California's "four corners" rule. See Marks v. Walter G. McCarty Corporation, supra, 33 Cal.2d 814, 205 P.2d 1025; McNear v. Petroleum Export Corp., supra, 208 Cal. 162, 280 P. 684; In re Manchester's Estate, supra, 174 Cal. 417, 163 P. 358, L.R.A.1917D, 629.

Had the referee determined preliminarily that the facts and circumstances found from the face of the instrument were not sufficient to lead him to draw the inference, were not sufficient to prompt him as trier of fact to make an interlocutory finding "that the signature was so placed with the intent that it should serve as a token of execution," then the document should have been ruled incompetent as evidence and for that reason excluded.

This the referee did not do. He received the "Declaration of Homestead" in evidence, but declined thereafter to receive any parol evidence, and made his findings on the ultimate issue of validity by incorrectly applying the "four corners" rule.

Since "validity of the * * * [declaration] is the fact in dispute," the plainly-declared exception to the parol evidence rule operates to render admissible "evidence * * * other than the contents of the writing," Cal.Code Civ.Proc. § 1856; see Turnbeaugh v. Santos, supra, 9 Cir., 1944, 146 F.2d 168; In re Shepardson, D.C.S.D. Cal.1928, 28 F.2d 353, once the instrument passes the test of the "four corners" rule and is held competent to be received.

Accordingly, the referee's order under review is reversed and the referee's findings of fact and conclusions of law are set aside; and the matter is recommitted to the referee, with directions (1) to hold further hearing on the issues raised by the trustee's report of exempt property and the bankrupt's objections thereto, (2) upon completion of such hearing to make appropriate findings of fact and conclusions of law, and (3) to enter an appropriate order thereon.