**LAWYERS SURETY CORPORATION,**
Appellant,

v.

**G. W. SEVIER, Appellee.**

No. 15754.

Court of Civil Appeals of Texas.

Dallas.

Jan. 27, 1961.

Lawrence W. Vance, Dallas, for appellant.

Vactor H. Stanford, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a summary judgment in favor of appellee G. W. Sevier against appellant Lawyers Surety Corporation, surety on a temporary injunction bond. The judgment was for $1,000, the full amount of the bond.

On March 13, 1959 appellee G. W. Sevier filed suit against Lawyers Surety Corporation in cause No. 42842 in the 134th District Court of Dallas County, Texas. In his unsworn petition appellee alleged that on December 12, 1955 Lawyers Surety Corporation had posted an injunction bond in the amount of $1,000 in cause No. 5911–

B, styled Luczynski et al. v. G. W. Sevier et al., then pending in the 44th District Court of Dallas County, Texas.

Appellee further alleged that on March 28, 1958 judgment was entered in cause No. 5911 in favor of Sevier against Luczynski for the sum of $2,057.85, and that in addition thereto "the assured was required to make first lien payments on said property which said Luczynski failed to do—which payments were made by G. W. Sevier and which payments also became a charge against the bond of the defendant." Appellee prayed for judgment against Lawyers Surety Corporation for $1,000, the full amount of the injunction bond.

In reply to the above petition in cause No. 42842, appellant Lawyers Surety Corporation filed (1) a plea in abatement pointing out that Frank W. Luczynski and wife Mildred Luczynski, principals on the bond, had not been made parties to the suit on the bond, as is required by law; and (2) a general denial. Neither of these pleas was verified.

We pause here to note that in his petition against the surety company in cause No. 42842, appellee Sevier did not attach a copy of the bond sued on, or describe the instrument other than to say that it was an injunction bond and it was "conditioned that is (sic) assured Frank Luczynski and wife Mildred Luczynski would pay all sums found against it by the court." Appellee did not allege the nature of the injunction, or the cause of action against the Luczynskis in cause No. 5911, or what the judgment against them in that cause was for, or that the injunction had been issued, or that it had been dissolved in whole or in part.

Appellee's first motion for summary judgment was superseded by an amended motion filed August 24, 1959. To this instrument is attached a purported affidavit which is acknowledged in the manner and form prescribed by Art. 6607, Vernon's Ann.Civ.St. before appellee's attorney, who, as notary public, took appellee's acknowledgement.

Appellee's amended motion for summary judgment has attached to it a certified copy of the injunction bond in cause No. 5911. Since this bond is the basis of appellee's suit in cause No. 42842, we reproduce material portions of the bond:

*"Bond For Temporary Injunction.*

"That We, Frank W. Luczynski, and wife, Mildred Luczynski, as principals, and Lawyers Surety Corporation And ———, as sureties, acknowledge ourselves bound to pay to G. W. Sevier, Vactor H. Stanford, and Worcester (Federal) Savings and Loan Association Of Worchester, Mass., the adverse parties in the above entitled suit, the penal sum of $1,000.00, conditioned that Frank W. Luczynski, and wife, Mildred Luczynski, Plaintiffs in said suit, will abide the decision which may be made therein, and that they will pay all sums of money and costs that may be made therein, and will pay all sums of money that may be adjudged against them, if the temporary injunction be dissolved in whole or in part.

"Witness our hands this 12 day of December 1955.

"/s/ Frank W. Luczynski
"/s/ Mildred W. Luczynski
"Principals
"Lawyers Surety Corporation
"By /s/ Ruby Bates."

There was also attached to appellee's amended motion for summary judgment a copy of the court's judgment of March 25, 1958, against the Luczynskis in cause No. 5911. This judgment makes no reference to an injunction bond, or to appellant in this case, Lawyers Surety Corporation.

From the recitals in the judgment in cause No. 5911 these facts are evident: the plaintiffs were Luczynski and wife, the defendant was G. W. Sevier; the suit involved foreclosure on real estate; Sevier answered and filed a cross-action; the

case was tried to a jury, which answered special issues in favor of Sevier; judgment was rendered in favor of Sevier for amount in excess of $2,000, and for foreclosure of a deed of trust and vendor's lien against certain described real property.

In his affidavit in support of his amended motion for summary judgment appellee states that an order of sale was issued following the entry of judgment in cause No. 5911 and the property of defendant was bought at sheriff's sale for $1,000, which is the only credit on said judgment, leaving a balance unpaid of $1,056.74; and that appellant having executed the injunction bond in said cause is liable for the said balance due up to the amount of the bond, which amount was $1,000.

## Opinion.

In its first point on appeal appellant relies on Art. 1986, V.A.C.S. and charges that it was error for the court to render judgment in favor of appellee for the reason that the law provides that no judgment shall be rendered against the surety on a bond without judgment against the principal on the bond.

In reply appellee relies on Rule 31, Texas Rules of Civil Procedure, and says that judgment had already been taken against the principals, the Luczynskis, as was shown by the certified copy of the judgment in cause No. 5911, which certified copy was attached to appellee's amended motion for new trial.

We believe appellant's first point is well taken. The bond in this case is not in the nature of a supersedeas bond. It is plainly, as appellee himself calls it, an injunction bond. The form of the bond and its condition are in compliance with Rule No. 684, T.R.C.P.

The judgment against the Luczynskis in cause No. 5911 was not for damages resulting from the issuance of a temporary injunction. It was a judgment for the amount due on a note and for foreclosure of a deed of trust and vendor's lien on real estate. The suit for damages in cause No. 42842 based on the issuance of temporary injunction, is another matter. The grounds of liability and the measure of damages are different in the two causes of action. The judgment against the Luczynskis in cause No. 5911, did not satisfy the general rule that no judgment shall be rendered against a surety unless judgment shall also be rendered against the principals on a bond.

■ An obligee is ordinarily entitled to recover against a surety on a temporary injunction bond after dissolution of the wrongful injunction only for the damages resulting directly from the issuance of the temporary injunction, not for the original debt of the principal. Lee v. Howard Broadcasting Corp., Tex.Civ.App., 305 S. W.2d 629; Southland Life Ins. Co. v. Stone, Tex.Civ.App., 112 S.W.2d 336; Johnson v. McMahan, Tex.Civ.App., 40 S.W.2d 920; Dillard v. Stringfellow & Hume, 50 Tex.Civ.App. 410, 111 S.W. 769; Steves v. Smith, 49 Tex.Civ.App. 126, 107 S.W. 141; 24–A Tex.Jur. pp. 400, 406; 418. In the instant case Sevier sought judgment against Lawyers Surety Corporation, surety, for damages resulting from the issuance of the temporary injunction. Since this is an entirely different cause of action from cause No. 5911 in which he obtained judgment against the Luczynskis, he should have made the Luczynskis, the principals on the bond, parties to this suit as well as the surety. Art. 1986, V.A.C.S.

Appellant's first point on appeal is sustained.

■ Appellant's second point on appeal is that appellee in his petition did not plead a cause of action. While appellee's petition is quite sketchy, it does allege that appellant as surety executed a bond and that its liability on said bond became fixed at $1,000 as a result of the judgment in cause No. 5911. Aside from its plea in abatement appellant did not attack the

sufficiency of the pleadings by exception or otherwise. Though the wrong measure of damages was alleged, evidence of the correct measure of damages could have been introduced. Under the pleadings evidence might also have been introduced explaining the failure to make the Luczynskis parties to the suit, if facts had in truth existed justifying the failure to make them parties. Appellant's second point is overruled.

 In its third point appellant says that its answer, a general denial, puts facts in issue. We agree with appellant. Appellee's petition was not verified. Under the circumstances the general denial raised certain fact issues. These issues were not eliminated by appellee's purported affidavit in support of its motion for summary judgment, for such purported affidavit was insufficient under Rule 166–A T.R.C.P., because (1) it did not satisfactorily account for the absence as parties of the Luczynskis, the principals on the bond; and (2) the jurat consists of an acknowledgment, not an affidavit. St. Louis, B. & M. Ry. Co. of Texas v. Dallas Cooperage & Woodenware Co., Tex.Civ.App., 268 S.W. 769, 771; Witt & Sons v. Smith, Tex.Civ.App., 265 S.W. 1076; Favello v. Bank of America Nat. Trust & Savings Ass'n, 24 Cal.App.2d 342, 74 P.2d 1057 (Syl. 8); 1 C.J.S. Acknowledgments § 1, p. 778, note 5.1 in pocket supplement. Appellant's third point is sustained.

 Appellant's fourth point asserts error in not granting appellant's motion for summary judgment, which motion asserted that appellee had not alleged a cause of action. There is no merit to this point. In the first place, as we held in overruling appellant's second point, appellee's petition, though brief and failing to allege particularities, was sufficient in the absence of exceptions to permit the introduction of evidence which conceivably might have made out a case. Secondly, appellant's affidavit in support of its motion for summary judgment is fatally defective in that

it does not allege that it was made on the personal knowledge of the affiant, nor does it show affirmatively that the affiant is competent to testify as to the matters stated in the affidavit, both of which showings are required by Rule 166–A, § (e). Quarles v. State Bar of Texas, Tex.Civ.App., 316 S.W.2d 797; Anderson v. Hake, Tex.Civ.App., 300 S.W.2d 663; Edwards v. Williams, Tex.Civ.App., 291 S.W.2d 783; Richards v. Smith, Tex.Civ.App., 239 S.W.2d 724. And thirdly appellant's motion is based on a conclusion of law. Munoz v. Heights Savings & Loan Ass'n, Tex.Civ.App., 319 S.W.2d 945; Farmers State Bank v. First State Bank of Liberty, Tex.Civ.App., 317 S.W.2d 768; Quarles v. State Bar of Texas, Tex.Civ.App., 316 S.W.2d 797. Appellant's fourth point is overruled.

For reasons stated in our discussions and holdings as to appellant's first and third points, the judgment of the trial court is reversed and the cause remanded for another trial.