**In re Lucy Marie WILLIAMS, Debtor.**

**In re James Lewis WILLIAMS and Norma F. Williams, Debtors.**

**No. 85–03312–LM7, 85–02815–LM7.**

United States Bankruptcy Court,
S.D. California.

March 3, 1986.

Eric Wolf, San Diego, Cal., Trustee.

Donald Sutherland, Rancho Santa Fe, Cal., Trustee.

Michael T. McQuillen, Bonita, Cal., for debtor, Lucy Williams.

Charles E. Boyce, San Diego, Cal., for debtor, James Williams.

Robert D. Middendorf, Sullivan, Delafield, McDonald & Middendorf, San Diego, Cal., Barry Mitnick, Los Angeles, Cal., for Bank of America.

Craig E. Dwyer, San Diego, Cal., for J.S. Baker, et al.

## MEMORANDUM DECISION RE: LIEN AVOIDANCE

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

Debtor, Lucy Marie Williams, seeks to avoid the judicial lien of Bank of America which it asserts has attached to the proceeds of the voluntary sale of her personal residence. The facts of this case are not in dispute.

On January 30, 1985, debtor executed a declaration of homestead which was recorded in the office of the San Diego County Recorder on February 1st. Thereafter, Bank of America recorded a notice of attachment and subsequently obtained a judgment in the amount of $329,413.80 against Williams' former husband, James.

Debtor, her former husband and his current wife, filed separate petitions for relief under Chapter 7 on June 17, 1985. Lucy claimed a homestead exemption pursuant to Cal.Code of Civ.Proc. § 704.710 and § 704.910. No objections to these exemptions were made. Debtor subsequently amended her schedules to reflect a claim of exemption only as to Cal.Code of Civ.Proc. § 704.910, *et seq.* Debtor then obtained authorization from this Court to sell her residence. Bank of America, the judgment creditor, and Eric Wolf, trustee in James Williams' Chapter 7 proceeding, assert that the declaration of homestead is invalid and that Bank of America's lien attaches to the proceeds from the sale of the residence.

Cal.Code of Civ.Proc. § 704.930(c) provides:

> The homestead declaration shall include a statement that the facts stated in the homestead declaration are known to be true as of the personal knowledge of the person executing and acknowledging the homestead declaration.

Debtor executed and acknowledged the homestead declaration before a notary. However, that portion of the document which recites that facts stated are within the personal knowledge of the declarant was not separately executed. Signature lines for separate execution of this attestation are clearly provided on the form. Thus, the homestead declaration is technically defective.

Debtor asserts that a liberal construction of the homestead statute through the doctrine of substantial compliance should be applied in order to validate the homestead declaration. The Court finds debtor's arguments persuasive.

## DISCUSSION

California law currently provides for two different exemptions for personal residences. Cal.Code of Civ.Proc. § 704.710, *et seq.* and § 704.910 *et seq.* Such was not always the case. Prior to 1974, debtors could exempt their personal residence from forced sale by creditors only by recording a declaration of homestead pursuant to former Civ.Code §§ 1262–1265. In 1974, the California Legislature apparently recognized that only those who were aware of their legal rights took advantage of the homestead laws. Thus, people who had the greatest need for the protection of the homestead law were least likely to obtain such protection. 8 Witkin, *California Procedure* 3d § 227, p. 204 (1985). In response to this situation, the "dwelling house" exemption was created, allowing debtors to claim their residences as a homestead at any time without recording a declaration of homestead.

These exemptions differ in one critical respect. Proceeds from the voluntary sale

of a declared and recorded homestead are exempt for a period of six months in order to allow re-investment in another residence. Cal.Code of Civ.Proc. § 704.960(a). Proceeds from a voluntary sale of a dwelling house are not exempt. Cal.Code of Civ. Proc. § 704.720(b).[1] If the declaration of homestead is determined to be invalid, Bank of America's lien will attach to the proceeds of the voluntary sale.

Cal.Code of Civ.Proc. § 704.930(c) was part of the 1983 Amendments to the Enforcement of Judgments Act and has not been construed yet by California courts. However, numerous California courts have passed judgment on the effects of a technical defect in a declaration of homestead.

The effects of a technical deficiency in a declaration of homestead have most often been discussed in conjunction with the former requirement that a declaration of homestead state an estimate of the actual cash value of the premises. *Schuyler v. Broughton*, 76 Cal. 524, 18 P. 436 (1888); *Tappendorff v. Moranda*, 134 Cal. 419, 66 P. 491 (1901); *In re Morse*, 237 F.Supp. 579 (S.D.Cal.1964). Cases determining the effect of a technical failure to comply with this section generally fall into two categories. *Samuels v. Delucchi*, 286 F.2d 504 (9th Cir.1961). One such category is where the debtor completely fails to comply with one of the required provisions of the homestead declaration statute. In such instances, California courts require strict compliance with the statute and give no effect to the declaration. *Id.* at 505. The other category of cases are those in which courts liberally construe the homestead legislation and its underlying purposes to determine whether the debtor has substantially complied with the required provisions. If so, the declaration of homestead is upheld. *Id.*

In *Samuels v. Delucci*, 286 F.2d 504 (9th Cir.1961) the Court of Appeals applied the substantial compliance doctrine in the bankruptcy context and upheld a technically invalid declaration. In *Samuels*, the declaration of homestead filed by the debtors contained the following statement:

"We estimate the actual cash value of our investment in said land and premises to be the sum of $5,000." The referee in bankruptcy determined that California statutes did not permit the substitution of an estimate of the value of *equity* in the premises for an estimate of the actual *value* of the premises. The district court vacated the referee's order and the Court of Appeals affirmed that decision. Initially, the court noted that the State Constitution mandated homestead legislation and that the declared homestead should be interpreted with an eye towards fulfilling that constitutional mandate. The court synthesized then recent decisions of California courts into the following rule:

> Since the homestead right is a purely statutory right, the conditions established by the statute in Section 1263 must all be met. But, in keeping with the underlying purpose of the statute, a liberal rule of substantial compliance is to be applied. *Samuels* at 506.

Next, the court ascertained the purpose of Cal.Civ.Code § 1263(4) and determined that it was designed to provide prospective creditors of the homesteader a rough estimate of the value of the homesteader's interest in the premises. Finally, the court determined that the debtor in *Samuels* had substantially complied with the statute by providing an estimate of the actual equity in the property. Thus, prospective creditors could easily determine whether there was any excess above the statutory exemption which would be available for them to proceed against.

The *Samuels* court distinguished its earlier holding in *Lynch v. Stottler*, 215 F.2d 776 (9th Cir.1954). In *Lynch*, the declarant left blank the space in a printed homestead form for the entry of the amount of the estimate of value. The court held that such an omission was a total failure to make an estimate of value, and therefore there was no issue of substantial compliance. *Id.* at 777.

---

**1.** The apparent legislative concern is to protect the residence from *forced sale.*

The trustee in James Williams' case cites *In re Morse*, 237 F.Supp. 579 (S.D.Cal.1964) in support of his position that the declaration is invalid. In *Morse*, the District Court reversed the bankruptcy referee and found that a declaration of homestead did not comport with the requirements of Cal.Civ. Code § 1263. That declaration contained the following language: "That they estimate the actual cash value of the land and premises herein described to be in excess of $12,500." The referee in bankruptcy had determined that the doctrine of substantial compliance could be applied to validate the homestead declaration and that the homestead was exempt. Debtor maintained that the $12,500 recited value was his approximate equity in the property. The District Court disagreed, and determined that the words "in excess of $12,500" was an effort by the debtor to avoid being pinned down to a specific estimate in order to avoid an estimate of value where one was statutorily required. *Id.* at 584. Thus, the declaration was not given effect.

In addition to the *Morse* case, James Williams' trustee cites *In re Kossack*, 113 F.Supp. 884 (C.D.Cal.1953) in support of his argument that there must be strict compliance with California homestead statutes. In *Kossack*, the court reversed a bankruptcy referee decision excluding a declared homestead from exempt property. The referee had narrowly construed the homestead statute's requirement that the declaration be subscribed to mean subscription at the end of the declaration. The only issue was whether the referee had correctly applied the "four corners rule" in conjunction with the parol evidence rule. Thus the ultimate issue of the validity of the homestead declaration was not reached by the court. *Id.* at 892.

This is an instance where the debtor has failed to comply with the express statutory language of Cal.Code Civ.Proc. § 704.930(c) and ordinarily the substantial compliance doctrine would not apply. However, where, as here, the addition of the required statutory language is merely surplusage to the statements in the declaration of homestead, the court will apply the doctrine and validate the declaration. This approach is consistent with California authority. *Johnson v. Brauner*, 131 Cal.App.2d 713, 281 P.2d 50 (2d Dist.1955).

In *Johnson*, the California Court of Appeals upheld a technically deficient declaration of homestead. Under then existing California law, Civil Code § 1263, a homestead declaration executed by one spouse was required to contain a statement that the declaration was for the couple's joint benefit. In *Johnson*, debtor's wife executed a declaration of homestead stating that she (1) resided at the property to be homesteaded with her husband, (2) that the value of the premises was $7,500; and (3) that no prior declaration of homestead had been executed. The declaration was executed only by the wife. A judgment creditor asserted the invalidity of the declaration based on the absence of the statement that the declaration was for their joint benefit. The Court of Appeals determined that a separate statement indicating that the homestead was for the joint benefit of husband and wife was surplusage, and could be omitted from the declaration without affecting its validity.

The facts of this case closely parallel those in the *Johnson* case. Here, debtor's declaration recites that she is the head of the family consisting of herself and a minor son. The declaration also states that the premises is her residence, that she claims it as her homestead and that no former declaration of homestead has been made. Thus, every recitation in the declaration is within the personal knowledge of the declarant. A separate attestation on these facts would provide no additional information to would-be creditors, and its absence should not defeat the claim of exemption.

Cal.Code of Civ.Proc. § 704.930(b)(3) and (4) permit persons other than those residing at or benefitting from the homestead to execute a declaration of homestead on behalf of one acting under a disability (execution by a conservator, guardian or one acting under a power of attorney). The requirement in subsection (c) that a party executing a declaration of homestead attest that the information stated in the declaration is within the personal knowledge of

the declarant more reasonably applies to the situation in which a party other than the beneficiary of the homestead is making the declaration. The legislative intent was to facilitate and encourage use of the homestead exemption rather than narrowly and unreasonably restrict it. 15 Cal.L.Rev. Comm. 2001, 1087. 8 Witkin, *California Procedure* 3d, § 227, p. 204 (1985). If this Court were to adopt the position of Bank of America and Williams' trustee, and require a separate attestation of facts clearly within the personal knowledge of the declarant, that legislative intent would be defeated.

Accordingly, this Court finds the declaration of homestead to be enforceable. Pursuant to Cal.Code of Civ.Proc. § 704.950(a), Bank of America's judgment lien does not attach to debtor's declared homestead.

This Memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for Lucy Marie Williams shall submit an order in conformance with this Decision within ten (10) days of its entry.