**In re Donald Fred COLE, Debtor.**

**Bankruptcy No. 87–01692–H11.**

United States Bankruptcy Court,
S.D. California.

Feb. 8, 1988.

Gregory A. Akers, San Diego, Cal., for debtor.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

### I.

At issue is whether the debtor herein is entitled to a portion of the proceeds from the sale of his residence, pursuant to his claim of a homestead exemption under Cal. Civ.Proc.Code § 704.710 *et seq.* (West 1987).

The debtor claims that while the sale was conducted voluntarily, the sale of a debtor's residence by a Chapter 11 debtor, act-

ing as a debtor-in-possession engaged in the process of liquidating his assets, is akin to a Chapter 7 trustee selling the assets of a Chapter 7 debtor, which is in turn the equivalent of an "execution sale." Therefore, pursuant to Cal.Civ.Proc.Code § 704.710 the debtor claims a portion of the proceeds are exempt.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

## II. FACTS

The debtor herein voluntarily filed his petition under Chapter 11 of the Bankruptcy Code on March 9, 1987. The debtor claimed $45,000 of the equity in his residence at 1856 Viking Way, La Jolla, California, as exempt in his Schedule B–4 Claim of Exemptions pursuant to the homestead exemption in Cal.Civ.Proc.Code § 704.710 *et seq.* (West 1987).

On June 23, 1987, debtor, in his capacity as debtor-in-possession, voluntarily noticed his intent to sell his residence. This court approved the sale on August 14, 1987, and ordered all net proceeds due the debtor held in an interest bearing account pending future order of the court. On October 19, 1987, debtor noticed his intent to disburse $45,000 in homestead proceeds to himself. There were no creditor objections. Thereafter, debtor submitted an Order Authorizing Disbursement Of Homestead Proceeds to this court. This order was not approved and a supplemental Memorandum was filed by this court. Thereafter, debtor resubmitted his Amended Order which was also not

approved, with the court filing a second Memorandum.

## III. DISCUSSION

*In re Williams*, 58 B.R. 114 (Bankr.S.D. Cal.1986) states the basic California statutory exemption scheme for homesteads.

California law currently provides for two different exemptions for personal residences. Cal.Code of Civ.Proc. § 704.710, *et seq.* and § 704.910 *et seq.* Such was not always the case. Prior to 1974, debtors could exempt their personal residence from forced sale by creditors only by recording a declaration of homestead pursuant to former Civ.Code §§ 1262–1265. In 1974, the California Legislature apparently recognized that only those who are aware of their legal rights took advantage of the homestead laws. Thus, people who had the greatest need for the protection of the homestead law were least likely to obtain such protection. 8 Witkin, *California Procedure* 3d § 227, p. 204 (1985). In response to this situation, the "dwelling house" exemption was created, allowing debtors to claim their residences as a homestead at any time without recording a declaration of homestead.

These exemptions differ in one critical respect. Proceeds from the voluntary sale of a declared and recorded homestead are exempt for a period of six months in order to allow re-investment in another residence. Cal.Code of Civ.Proc. § 704.960(a). Proceeds from a voluntary sale of a dwelling house are not exempt. Cal.Code of Civ.Proc. § 704.720(b).[1]

*In re Williams*, 58 B.R. at 115–16.

In order for the debtor to receive a portion of the proceeds from the voluntary sale of his residence for reinvestment in a new residence, a declared[2] homestead

---

1. The apparent legislative concern is to protect the residence from *forced sale* (footnote from original text; emphasis original).

2. A declared homestead is created by recording a homestead declaration in the office of the County Recorder of the county in which the dwelling is located. The declaration must be executed and acknowledged in the manner of an acknowledgement for a conveyance of real property. The declaration may be executed by

the declared homestead owner, the owner's spouse, and attorney-in-fact or other person authorized to sign on behalf of the owner or the owner's spouse, or a guardian or conservator of the person or the estate of either the owner or the owner's spouse. The declaration must contain the name of the owner, and may contain the name of a husband and wife, if each owns an interest in a dwelling selected as a declared homestead. The declaration must also contain

is necessary. Cal.Civ.Proc.Code § 704.910 *et seq.* (West 1987). The voluntary sale of a debtor's residence, wherein the only claimed homestead at the time of the filing of the bankruptcy petition is made pursuant to Cal.Civ.Proc.Code § 704.710 *et seq.* (West 1987), does not entitle debtor to the proceeds therefrom regardless of his intent to reinvest the proceeds in a new residence. *In re Williams,* 58 B.R. 114 (Bankr.S.D. Cal.1986). *See also,* Legislative Committee Comment—Senate 1982 Addition, Cal.Civ. Proc.Code § 704.720(b) (West 1987). Since the debtor failed to utilize a declared homestead, he loses his right to the cash proceeds which emanated from the sale of his residence.

Debtor now seeks to analogize the sale of his residence, while acting in the capacity of a debtor-in-possession, to the situation where a Chapter 7 trustee sells the Chapter 7 debtor's home. From there, debtor analogizes a Chapter 7 trustee's sale of a Chapter 7 debtor's residence to a "forced sale" which my colleague Judge Malugen pointed out, in a footnote in *Williams,* was apparently the legislative concern behind exempting a part of the proceeds from an execution sale of a residence on which a § 704.710 homestead had been claimed (§ 704.720(b) (West 1987)). Debtor is correct that a portion of the proceeds from an execution sale are exempt. Section 704.-720(b) (West 1987). The proposition that a Chapter 7 trustee sale is akin to an execution sale is highly tenable.[3] However, this court finds debtor's attempt to convert a voluntary sale of a Chapter 11 debtor's residence by the debtor-in-possession into an "execution sale" untenable and without legal basis.

While the debtor may have felt compelled to sell his home, the exemption and legislative intent on the matter are unequivocal. If debtor wished to enjoy the benefits of the exemption provided by § 704.710, he could not voluntarily sell his home. Having done so, he has forfeited the exemption and the proceeds become property of the estate or the secured creditors which stand in line to benefit from this sale.

Furthermore, debtor's assertion that this court's decision to adhere to the clear intent of the statute encourages gamesmanship in the use of the various protections of the Bankruptcy Code is not well taken. A debtor with a petition pending before this court is entitled to the full protection of the Bankruptcy Code. Where Congress has ordained that these protections should be available, it is not the proper function of this court to question Congress' methodology. Furthermore, where the protections are being abused, the court is vested with the appropriate powers to address such abuses as they arise. For this court to engage in the sort of speculative analysis and anticipatory adjudication suggested by the debtor is tantamount to judicial legislation.

Finally, debtor's assertion that because the creditors fail to object to the debtor's sale and proposed disbursement, the court should ignore the fact that the debtor is seeking approval of a disbursement which is not legal under applicable law is equally untenable. While it is unfortunate that in many Chapter proceedings, the creditor

---

a description of the declared homestead, and a statement that the homestead is the principal dwelling of the owner or the owner's spouse and that the owner or the owner's spouse reside in the homestead on the date the declaration is recorded. It must also include a statement that the facts in the declarations are known to be true on the personal knowledge of the declaration. If executed by a person other than the owner or the owner's spouse, it must state the authority of the declarant to act on behalf of the owner or owner's spouse. 8 Witkin, *California Procedure* 3d § 223 (1987).

**3.** A sale by a Chapter 7 trustee clearly has "forced sale" qualities, since when the Chapter 7

petition is filed and the Chapter 7 trustee appointed, the debtor ceases to have control over the disposition of his non-exempt assets. This often results in the sale of the debtor's residence by the trustee which is subject to debtor's claimed § 704.710 homestead exemption.

However, the argument to the contrary—that the filing of a voluntary petition includes the voluntary acceptance of all acts taken by the trustee—is not without merit.

This court will reserve judgment on this matter until such time as it is properly before the court.

bodies never organize or seek counsel and therefore these proceedings lack the watchful eye of parties interested in the ultimate reorganization or disbursal of the funds of the debtor, this inactivity does not justify court approval of illegal actions on the part of the debtor. Quite to the contrary, when, for whatever reasons, the creditors are inactive, the court's heightened vigilance in protecting the integrity of the system and the rights of the creditors by monitoring the debtor's actions is essential. The debtor's assertion that because the creditors have failed to pay close attention, the court should sanction the debtor's disbursal of $45,000 from the estate, which would otherwise be available for distribution to the creditors, must be rejected.

For the reasons stated above, debtor's motion for reconsideration must be denied.

## IV. CONCLUSION

The voluntary sale of a Chapter 11 debtor's residence by the debtor in possession is not the equivalent of an execution sale as contemplated in Cal.Civ.Proc.Code § 704.720(b) (West 1987). The proceeds from the sale of the debtor's residence are not exempt and are therefore property of the estate.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for the debtor is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.